■ Josephine Karp, Appellant, v. Walter Karp et al., Respondents.— Appeal from an order of the Supreme Court, Montgomery County. Plaintiff Josephine Karp was the wife of John Karp, who died in 1947. They had held title to premises in Amsterdam as tenants by the entirety. They became separated and in 1928 the wife executed a deed to her husband which recited

that the wife conveyed to the husband " all her undivided one half right, title and interest " to the property described. This was not an accurate description of her interest in the " entirety ", an estate which is the antithesis of the fractional. The husband's will gave the wife use for life in the property and at her death it went to his two grandsons as tenants in common. This action by the wife seeks to determine that she is the owner of an undivided one-half part of the premises and the grandsons the owner of the other half; and that the will of the husband is invalid to the extent it devised the half that plaintiff retained after execution of her deed. Judgment of partition is asked. It does not seem to be contended by the defendants that the deed from the wife to the husband can be read to establish a conveyance of all the wife's interest as tenant by the entirety to the husband. The answer alleges, rather, that it was agreed between the wife and the husband that she would convey " all her undivided interest " in the premises, but that " through inadvertence " in draftsmanship, the expression " undivided one half right, title and interest " was employed. The proof is abundant in support of an intent by the wife to convey all her interest to the husband and the Official Referee has found that such an intent existed. Nevertheless, words stand on the record of conveyance which must be construed to express a different intent; and while a reformation of the instrument would seem to be warranted, no such reformation is sought in the answer of the defendants whose interests are adverse to the plaintiff's. This answer merely pleads as a defense that the intent of the grantor of the deed differed from her words. More than this is required. Unless the deed is reformed, plaintiff must prevail in the action. Defendants-respondents have neither filed a brief nor made an argument in support of the judgment; and we thus examine the case without assistance of counsel of the parties who would benefit by an affirmance. Opportunity should be allowed those defendants, however, to seek appropriate amendment to their answer. Judgment reversed on the law, with costs to appellant, and a new trial ordered before the commencement of which defendants shall be given reasonable opportunity to seek such amendment to their answers as they shall be advised. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.