OPINION OF THE COURT
Titone, J.
This appeal requires us to consider the nature of the property interest obtained by a mortgagee who has accepted a mortgage which is effective as to only one spouse’s interest in a tenancy by the entirety. While we have previously held that upon foreclosure the mortgagee in this situation acquires the rights of a tenant in common subject to the husband and wife’s reciprocal rights of survivorship, we have not before had the opportunity to decide whether the mortgagee’s rights are affected by a subsequent divorce between the husband and wife, which, by operation of law, dissolves the tenancy by the entirety as between the former spouses. With that question now squarely before us, we conclude that the dissolution of the tenancy by the entirety transforms the mortgagee’s interests to the same extent that it transforms the interests of the principals and, more specifically that it extinguishes all previously existing rights of survivorship.
*563 On June 22, 1981, plaintiff gave Richard Klein, defendant’s husband, a $50,000 business loan. This loan was secured by a mortgage, purportedly executed by both defendant and her husband, on real property that the couple owned as tenants by the entirety. Klein subsequently defaulted on his loan payments, and in October of 1981, plaintiff commenced this foreclosure action. In December of 1981, while the foreclosure action was pending, Klein executed an instrument conveying his interest in the property to defendant. Thereafter, defendant and Klein were divorced.
At the trial of the foreclosure action, defendant introduced evidence to show that she had not actually signed the mortgage plaintiff held. Crediting her testimony and the testimony of the handwriting experts, the trial court found that her signature on the instrument was a forgery. Consequently, the court held, the mortgage was not effective as a conveyance of defendant’s interest in the property and plaintiff was therefore limited to foreclosing on the interest it had received from defendant’s husband, which was by that time held in defendant’s name. The court’s final judgment, which was affirmed by the Appellate Division, dismissed the foreclosure action against defendant and directed the sale of only the husband’s former interest in the property. The judgment further stated that the interest received by the purchaser at the foreclosure sale would be that of a tenant in common, with all rights of survivorship extinguished. It is this aspect of the judgment which defendant challenges on this appeal.
The bundle of rights associated with defendant’s status as a tenant by the entirety is rooted in ancient common-law principles. Tenancy by the entirety has always been a form of real property ownership available only to those who were actually married at the time of conveyance (see, Armondi v Dunham, 221 App Div 679, 680, affd 248 NY 603; Bell v Little, 204 App Div 235, affd 237 NY 519; Perrin v Harrington, 146 App Div 292; but cf. Messing v Messing, 64 App Div 125; see also, EPTL 6-2.2 [b]). At common law, husband and wife were deemed a single legal entity, and a conveyance of property to both created an indivisible interest so that both parties were deemed seized of the whole (see, Matter of Klatzl, 216 NY 83, 85; Stelz v Shreck, 128 NY 263, 266).
The specific rights arising from this unique form of co-ownership are the logical corollary of the legal fiction that husband and wife were but one person. Although that fiction *564 and the related rule prohibiting married women from owning property have long since been discarded, the special status of spouses jointly holding property has been continued into modern real property law (see, Matter of Klatzl, supra, p 85; Hiles v Fisher, 144 NY 306). Following the enactment of the Married Women’s Acts of 1849, both spouses had an equal right to possession of the property, and each had a right to demand that possession, as well as any profits yielded by the property, be shared (Neilitz v Neilitz, 307 NY 882; Matter of Goodrich v Village of Otego, 216 NY 112, 116; Grosser v City of Rochester, 148 NY 235; see, Hiles v Fisher, supra). While these features of tenancies by the entirety are also characteristic of tenancies in common, the tenancy by the entirety is further distinguished by the fact that it confers on the surviving spouse a right to absolute ownership of the property upon the other spouse’s death (Matter of Goodrich v Village of Otego, supra, p 116; Bertles v Nunan, 92 NY 152).
What makes this right of survivorship unique and differentiates it from the right of survivorship inherent in an ordinary joint tenancy is that it remains fixed and cannot be destroyed without the consent of both spouses (see, Kahn v Kahn, 43 NY2d 203; compare, Matter of Polizzo, 308 NY 517; Matter of Suter, 258 NY 104, with Matter of Klatzl, supra, pp 86-87; Hiles v Fisher, supra). As long as the marriage remains legally intact, both parties continue to be seized of the whole, and the death of one merely results in the defeasance of the deceased spouse’s coextensive interest in the property (see, Stelz v Shreck, supra, p 266; Bertles v Nunan, supra, p 156). Similarly, involuntary partition is not available to either cotenant as a means of severing the tenancy by the entirety, since a contrary rule would permit a vindictive or irresponsible spouse to deprive the other of the comforts of the marital home (see, Kahn v Kahn, supra, p 208; Anello v Anello, 22 AD2d 694; Vollaro v Vollaro, 144 App Div 242).
These were the rights possessed by defendant both immediately before and immediately after her husband’s unilateral execution of a mortgage to plaintiff. It is well established that a conveyance by one tenant, to which the other has not consented, cannot bind the entire fee or impair the nonconsenting spouse’s survivorship interest (Hiles v Fisher, supra; Lawriw v City of Rochester, 14 AD2d 13, affd 11 NY2d 759). The affirmed finding of the courts below that defendant’s signature on the mortgage instrument executed by her husband was a forgery precludes any conclusion here other than *565 that the mortgage was ineffective to encumber defendant’s interest in the property.
On the other hand, there is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other (Kline v Payne, 1 NY2d 15; Matter of Goodrich v Village of Otego, supra; Hiles v Fisher, supra). Since the status of a tenant by the entirety is reserved exclusively to those co-owners who are married to each other, the interest acquired by a grantee or mortgagee of such a unilateral conveyance is not denominated a tenancy by the entirety, but rather is labeled a tenancy in common. Nonetheless, the grantee’s or mortgagee’s rights in the property are essentially the same as those possessed by the grantor or mortgagor: a right to shared possession and ownership subject to the original cotenants’ reciprocal rights of survivorship (Hiles v Fisher, supra, p 316; Lawriw v City of Rochester, supra).
Since the grantee or foreclosing mortgagee, in effect, steps into the shoes of the grantor or mortgagor, his survivorship rights are measured by reference to the lifetimes of the original parties to the tenancy by the entirety. If the grantor or mortgagor predeceases the spouse whose interest in the property has been retained, the grantee or mortgagee is left with no interest in the property at all. Conversely, if the latter predeceases the former, the grantee or mortgagee acquires full rights to the property, unencumbered by the deceased spouse’s former interests (see, Lawriw v City of Rochester, supra).
As applied to the circumstances in this case, these principles lead to a conclusion, which defendant does not dispute, that at the time plaintiff took the mortgage from defendant’s husband, plaintiff acquired a contingent interest in all of the rights the husband had in the tenancy, encumbered by all of the limitations on those rights.* Moreover, the husband’s December 1981 conveyance to defendant of his interest in the *566 property did nothing to alter the respective rights that plaintiff and defendant had in the tenancy. Although a conveyance by one spouse to another of his or her interest in the property is ordinarily sufficient to produce a merger of the parties’ rights and dissolve the tenancy by the entirety (see, 5A Warren, Markuson, Zett & Gubala, Warren’s Weed New York Real Property Tenancy by Entirety § 7.02 [1986]; see also, Karp v Karp, 2 AD2d 796), a different conclusion must be drawn when there has been a prior conveyance or mortgaging of all or a portion of one spouse’s interests (see, Kline v Payne, supra; Beach v Hollister, 3 Hun 519). In those circumstances, the third party’s rights in the tenancy are entitled to the law’s protection, and, as a consequence, the conveyance between spouses cannot be deemed effective to alter the mortgagee’s bundle of rights associated with that tenancy. It follows that, as a result of the husband’s conveyance to her, the defendant had what was, in essence, the full interest created by the tenancy by the entirety, with one of those interests encumbered by plaintiff’s mortgage.
The same cannot be said, however, about the status of the tenancy after defendant and her husband were divorced. At that point, the tenancy by the entirety, which existed solely as a legal incident of the marriage, was dissolved by operation of law (see, Kahn v Kahn, supra, p 207; Stelz v Shreck, supra, p 267; see also, Matter of Kutick, 33 Misc 2d 580). The consequence was that, at least as between the former spouses, the basis of ownership was inevitably transformed from a tenancy by the entirety to a simple tenancy in common, with no right of survivorship existing in either party (see, Kahn v Kahn, supra; Stelz v Shreck, supra; 5A Warren, Markuson, Zett & Gubala, op. cit. § 6.01 [1]). Thus, the only remaining question is whether the divorce also altered the interest held by plaintiff V.R.W., Inc., which acquired its mortgage during the period when the tenancy by the entirety was still intact.
In resolving this question, we must recognize first that, as defendant contends, the rights of a mortgagee are generally fixed at the time that the mortgage is executed and can neither be enlarged nor impaired by the subsequent acts of the mortgagor (see, Rector, Church Wardens & Vestrymen v Mack, 93 NY 488). In other words, the mortgagee who forecloses after the mortgagor’s default ordinarily acquires no greater or lesser interest in the property than the mortgagor originally conveyed.
*567 Relying heavily on these principles, defendant argues that plaintiff is bound by the rights and limitations characteristic of a tenancy by the entirety because that is the form of ownership in which the property was held by the mortgagor, defendant’s husband, when he executed the mortgage instrument. Defendant’s husband could convey no more than the interest he then had, and, consequently, defendant contends, the property right acquired by the purchaser at plaintiff’s foreclosure sale should be conditioned on the reciprocal survivorship rights that encumbered her husband’s interest at the time of the mortgage’s execution, notwithstanding the subsequent divorce. This was precisely the conclusion that was reached in Ryan v Fitzsimmons (57 AD2d 922), a decision that was expressly rejected by the court below in this case.
Like the Appellate Division, we are not persuaded by the contention that the nature of the mortgagee’s interests were immutably fixed at the point at which the mortgage was executed. Indeed, there is an inherently illogical element in defendant’s argument. As defendant readily acknowledges, a mortgagee who has acquired a mortgage on the property interest of only one of the parties to a tenancy by the entirety may lose whatever rights it had if its mortgagor subsequently predeceases the spouse who was not a party to the mortgage transaction. On the other hand, if the spouse who gave the mortgage survives the other, the mortgagee’s interest is transformed into an unconditional mortgage on the entire fee. Thus, even under the existing legal principles upon which defendant’s argument depends, the interest of a mortgagee in a tenancy by the entirety is not immutable, but rather is subject to transformation on the occurrence of a subsequent event, specifically the death of one of the spouses.
Inasmuch as we have long recognized that the nature of the property interests created by mortgages taken in these situations may be altered upon the occurrence of the specific "condition subsequent” of a spouse’s death (see, Lawriw v City of Rochester, supra), it follows that the mortgagee’s interests may also be altered upon the occurrence of a divorce decree or judgment of annulment issued after the mortgage was executed. The mortgagor’s rights and obligations at the time of the mortgage conveyance were subject to change upon a termination of the marriage; the interest conveyed to the mortgagor should be deemed similarly transmutable.
Furthermore, we see no unfairness in recognizing that the *568 inchoate rights of the mortgagee follow those of its mortgagor. While we agree with defendant that a spouse who has not alienated his or her interest in a tenancy by the entirety should not suffer any impairment of rights as a result of the other spouse’s actions, we also conclude that the innocent spouse should not be placed in a more advantageous position by virtue of the conveyance. Here, for example, if defendant’s husband had not mortgaged his interest in the property, defendant would have had no continuing right of survivorship after the parties’ marriage was dissolved. To hold that as a result of her husband’s actions defendant has a continuing right of survivorship as against plaintiff and the purchaser at plaintiff’s foreclosure sale would be to confer on defendant a windfall because of a fortuitous circumstance in which she played no part. Such a result is plainly unacceptable.
In short, we hold that the judgment of the trial court, which was affirmed by the Appellate Division, correctly authorized a sale of plaintiff’s interest in a tenancy in common, unencumbered by any right of survivorship. Since the tenancy by the entirety has been dissolved, the purchaser will acquire all of the rights of an ordinary tenant in common, including the right to seek partition. We have not considered defendant’s remaining contentions that the foreclosure action is somehow barred by collateral estoppel and that the trial court erred in not awarding her credits due on maintenance, tax and mortgage payments she has made in connection with the property. These arguments were not raised before the trial court and therefore cannot be considered here.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur.
Order affirmed, with costs.

 Noteworthy among these limitations is the absolute bar to involuntary partition of the property. Indeed, it would make little sense to allow partition at the instance of a third party to whom one spouse has conveyed, since to do so would be, in effect, to authorize the destruction of the nonconveying spouse’s possessory rights as a consequence of the unilateral action of the other spouse.