■ KATHARINE W. GOODWIN et al., Individually and as Successors in Interest to DEAD PICKLE, INC., Formerly Known as SWEET SHIRTS, INC., Respondents, v J. JAY CASSEN et al., Appellants. (Action No. 1.) KATHARINE W. GOODWIN et al., Individually and as Successors in Interest to DEAD PICKLE, INC., Formerly Known as SWEET SHIRTS, INC., Respondents, v J. JAY CASSEN et al., Appellants. (Action No. 2.) (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants J. Jay Cassen and Sweet Shirts, Inc., are entitled to summary judgment in plaintiffs' action against J. Jay Cassen, Sweet Shirts, Inc., Jean Cassen and May J. Scott. Plaintiffs' complaint sought a judgment declaring fraudulent and void a $150,000 conveyance to Manufacturers Hanover Trust Company discharging a mortgage executed by J. Jay and Jean Cassen, yet plaintiffs concede on appeal that they have no claim against Manufacturers, nor did plaintiffs name Manufacturers as a defendant. Since plaintiffs have conceded that they are not entitled to the relief they seek, their action cannot stand, and the notice of pendency dated April 13, 1987, filed in that action, must be canceled. We further find that Special Term did not abuse its discretion in canceling the notice of pendency dated March 2, 1987, filed in a companion action, upon the condition that defendants post the entire net value of the residence at 340 Sandringham Road. Although a creditor is entitled only to the debtor's interest in the property, and not to the debtor's spouse's interest *(Marine Midland Bank v Murkoff,* 120 AD2d 122, 133, *appeal dismissed* 69 NY2d 875), if the debtor's spouse dies during the pendency of the action, the surviving debtor would own the entire property *(see, V.R.W., Inc. v Klein,* 68 NY2d 560, 563-564). (Appeal from order of Supreme Court, Monroe County, Curran, J.—set aside transfer of real property.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.