■ PETER ROBINS, Respondent, v MARIA ROBINS, Defendant. WALTER L. TWISTE, Nonparty Appellant.—In a matrimonial action in which the parties were divorced by judgment dated July 12, 1984, Walter Leroy Twiste (hereinafter the mortgagee) appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), dated June 12, 1987, which granted a motion by the plaintiff husband to discharge a mortgage and cancel a record lien against the marital residence, and (2) an order of the same court, entered September 22, 1987, which denied the mortgagee's motion for reargument.

Ordered that the order dated June 12, 1987, is affirmed; and it is further,

Ordered that the appeal from the order entered September 22, 1987, is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the respondent is awarded one bill of costs.

On July 12, 1984, the marriage between the plaintiff husband and the defendant wife was terminated by a judgment of the Supreme Court, Westchester County (Green, J.). The judgment of divorce included a direction that the marital residence be sold and that the net proceeds therefrom be divided in the ratio of two thirds to the husband and one third to the wife. Although required by the divorce judgment to do so, the wife subsequently refused to execute the documents necessary

for the conveyance of the premises; hence, the court (Donovan, J.), in an order dated December 8, 1986, appointed the County Sheriff to act on her behalf in the execution of all documents needed to effectuate a transfer of title. Two days after issuance of the aforementioned order appointing the Sheriff to act in the wife's stead, the wife obtained a loan from the mortgagee in the principal amount of $85,000, thereby encumbering her interest in the realty with a mortgage in that amount. The premises subsequently were sold, and the wife's share of the net proceeds was $108,719.25. Upon the satisfaction of the more senior liens against the wife's interest, only $70,594.38 remained with which to satisfy the debt owed to the mortgagee, thus leaving an unpaid balance in the amount of $18,387.46. In anticipation of that unpaid lien, the husband was obligated at the time of the conveyance of the premises to place $50,000 of the purchase price in escrow as security for the wife's debts. Hence, he sought cancellation of the mortgage lien, contending that there was no remaining interest in the realty to which it could attach. The husband further asserted that the mortgagee was chargeable with both actual and constructive notice of the divorce judgment limiting the wife's interest in the property to one third of the net proceeds from its sale. The Supreme Court, Westchester County, adopting the reasoning employed by the husband, discharged the mortgage and directed the release of the escrow funds to the husband. A subsequent motion to reargue by the mortgagee was denied. We now affirm the order discharging the mortgage.

Initially, we note that no appeal lies from the denial of a motion for reargument (see, CPLR 2221); therefore, the mortgagee's appeal from the order entered September 22, 1987, must be dismissed.

Turning to our consideration of the order dated June 12, 1987, we find unpersuasive the mortgagee's contention that the Supreme Court lacked jurisdiction to award the relief sought and that such relief could only be obtained in a plenary action to discharge the mortgage indebtedness. The record unequivocally demonstrates that the Supreme Court, at the time of the divorce and pursuant to its broad authority to distribute the marital property equitably (see, Domestic Relations Law § 236 [B] [5]), awarded two thirds of the net proceeds from the sale of the marital residence to the husband. Moreover, it is clear that this award could not be fully effectuated until the mortgage was discharged and the lien was canceled, thereby releasing the balance of the sale proceeds to the

husband. Hence, the Supreme Court had the power to entertain the instant request for cancellation of the lien so that the equitable distribution award could be fully enforced *(see,* Domestic Relations Law § 236 [B] [9] [a]), and the commencement of a plenary action for this relief was not necessary under the circumstances presented.

Similarly unavailing is the mortgagee's contention that the discharge of the mortgage and the cancellation of the lien was improper on the merits. While the wife in this case was free to mortgage her interest in the marital real property *(see, V. R. W., Inc. v Klein,* 68 NY2d 560; *Kahn v Kahn,* 43 NY2d 203), she could only do so to the extent of her actual interest therein, which was expressly limited by the judgment of divorce to the receipt of one third of the sale proceeds. The mortgagee presently claims that he was unaware of this limitation upon her interest and believed that the property had a higher value than the amount for which it was eventually sold. However, while it is unclear from the record whether the divorce judgment was duly recorded so as to put the mortgagee on constructive notice of the wife's limited interest, the mortgagee, through his attorney, clearly had actual knowledge of the wife's marital status as well as the limitation upon her interest in the realty. Since the mortgagee could acquire no greater interest in the subject property than the wife possessed, the extinguishment of her interest through the satisfaction of various more senior liens also served to extinguish the mortgagee's interest in the property, and the cancellation of the mortgagee's lien was therefore proper. We note in conclusion that the above determination does not affect any personal liability on the part of the wife for the repayment of the loan. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.