■ NORTHGATE ELECTRIC PROFIT SHARING PLAN, Appellant, v GRADY HAYES et al., Respondents, et al., Defendants. [620 NYS2d 418] —In an action to foreclose a mortgage on real property, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Graci, J.), dated February 7, 1992, which denied that branch of its motion which was for summary judgment against the defendant Grady Hayes, and upon granting that branch of its motion which was for a default judgment against the defendant Rebecca Hayes, stayed entry of the judgment until the conclusion of the action, and (2) from so much of an order of the same court, dated October 5, 1992, as upon renewal, modified its prior determination by dismissing the complaint insofar as asserted against the defendant Grady Hayes.

Ordered that the appeal from the order dated February 7, 1992, is dismissed, as that order was superseded by the order dated October 5, 1992, made upon renewal; and it is further,

Ordered that the order dated October 5, 1992, is modified by deleting the provision thereof which continued the stay of entry of the judgment against the defendant Rebecca Hayes, and substituting therefor a provision severing the action against the defendant Rebecca Hayes from the action against the remaining defendants, and directing the entry of a default judgment against her; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Grady Hayes is awarded one bill of costs.

On November 19, 1980, the defendant Grady Hayes and his wife Rebecca Hayes entered into an installment contract to purchase a house in Queens from the Veterans' Administration for the sum of $29,300. Under the terms of the installment contract, title to the premises was to remain in the name of the Administrator of Veterans' Affairs until the purchase price was paid in full. The defendants subsequently defaulted on their obligations under the installment contract, and the Veterans' Administration commenced eviction proceedings and obtained a final judgment of possession against them. The defendants were saved from eviction, however, when the plaintiff agreed to loan them the sum of $57,000, to be secured by a mortgage on the premises. At closing on August 13, 1987, the outstanding balance due the Veterans' Administration under the installment contract was paid with the proceeds of the plaintiff's mortgage loan, enabling Grady and Rebecca Hayes to obtain title to the premises. When the defendants thereafter failed to make the payments required under the mortgage and note, the plaintiff instituted foreclosure proceedings against them.

After the foreclosure action was commenced, the defendant Grady Hayes alleged that his signature on the mortgage and mortgage note had been forged and that another individual, possibly his estranged wife's boyfriend, had accompanied Rebecca Hayes to the closing falsely claiming to be Grady Hayes. The plaintiff subsequently conceded that Mr. Hayes' signature on the instruments had indeed been forged, but nevertheless contended that it was entitled to foreclose against his interest in the property on a quasi contract theory in order to prevent Mr. Hayes from being unjustly enriched by his wife's wrongdoing. On renewal, the Supreme Court dismissed the foreclosure action against Mr. Hayes, concluding that the forged mortgage could not be a lien on his interest in the property as a tenant by the entirety. We agree.

Since it is conceded that Grady Hayes' signature was forged by an individual acting in concert with his wife, and since there is no evidence that Mr. Hayes was aware of the forgery or ratified his wife's actions, the mortgage was not effective as a conveyance of his interest in the property (see, V.R.W., Inc. v Klein, 68 NY2d 560; Money Store/Empire State v Lenke, 151 AD2d 256; Long Is. City Sav. & Loan Assn. v Skow, 25 AD2d 880; cf., De Tata v Tress, 3 NY2d 920). Accordingly, foreclo-

sure against Mr. Hayes' interest in the premises is not a remedy available to the plaintiff under these circumstances.

We find, however, that the Supreme Court erred in staying enforcement of a judgment of foreclosure against Rebecca Hayes, who has defaulted in this action. It is well settled that where property is owned by spouses as tenants by the entirety, either spouse may sell, mortgage or otherwise encumber his or her rights to the property, subject to the continuing rights of the other *(see, V.R.W., Inc. v Klein, supra).* Since Grady Hayes' claim of forgery does not constitute a defense to the foreclosure action against Rebecca Hayes, the plaintiff should be permitted to enter a judgment of foreclosure against Rebecca Hayes, and acquire her interest in the property *(see, First Am. Tit. Ins. Co. v Kevlin,* 203 AD2d 681). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.