■ DEBRA GOLDMAN, Appellant, v SCOTT GOLDMAN, Respondent, and PHYLLIS GELMAN, Intervenor-Appellant. [688 NYS2d 601] —In a matrimonial action in which the parties were divorced by amended judgment entered October 26, 1994, the plaintiff former wife and her attorney, the intervenor Phyllis Gelman, separately appeal from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), entered January 8, 1997, as granted the motion of the defendant former husband to discharge a mortgage given by the former wife to the intervenor on certain marital property.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

At the time the plaintiff instituted this action for divorce, she and the defendant owned the marital premises located in Suffern, New York, as tenants by the entirety. The plaintiff gave a mortgage in the amount of $50,000 to her matrimonial attorney, Phyllis Gelman, the intervenor, as security for payment of counsel fees, which mortgage was recorded. The defendant was aware of its existence at the time of the divorce trial, but failed to bring it to the attention of the trial court. The judgment of divorce awarded title to the marital premises to the defendant, but the plaintiff has failed to convey her interest in the premises to him. Almost one and one-half years after the entry of the judgment of divorce, the defendant moved to discharge the mortgage. The court granted his motion, and the plaintiff and the intervenor appeal.

It is well settled that one who holds property as a tenant by the entirety may sell, mortgage, or otherwise encumber his or her rights in the property, subject to the continuing rights of the other (*see, V.R.W., Inc. v Klein,* 68 NY2d 560; *Northgate Elec. Profit Sharing Plan v Hayes,* 210 AD2d 384, 386). The intervenor's interest in the marital premises was not impaired by the judgment of divorce which granted the defendant the exclusive title to the property, since the judgment was entered after the mortgage was executed and recorded (*see, Money Store/Empire State v Lenke,* 151 AD2d 256). Bracken, J. P., S. Miller and Altman, JJ., concur.

McGinity, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum in which

Santucci, J., joins: At the inception of the action for a divorce, the parties' marital premises, which they owned as tenants by the entirety, was worth approximately $150,000. It was encumbered by a first mortgage with a balance of approximately $92,000, leaving some $68,000 in equity. It appears that the defendant's parents advanced nearly all of the cash ($55,600), which, together with the first mortgage, represented the 1985 purchase price of the marital property. The parents subsequently obtained a judgment against the plaintiff and the defendant in the amount of $57,899 as a result of their default in repayment of that loan.

The plaintiff retained a second attorney in the divorce proceeding, the intervenor Phyllis Gelman, Esq., on July 2, 1991, paying her, as part of the retainer, $5,000 in cash, which was borrowed from her parents, and giving her a note in the amount of $50,000, which was secured by a mortgage on the subject marital property, as security for the payment of future counsel fees. This was done without the consent or knowledge of her then husband, the defendant. At the date of recording, there was no consideration for the mortgage. The plaintiff executed another mortgage, in excess of $27,000, to secure the payment of fees to her previous attorney. That mortgage, however, is not involved in this appeal. Parenthetically, I note that under current rules governing procedures in domestic relations matters, obtaining such security interests would require court approval after notice has been given to the other spouse (see, 22 NYCRR 1400.5).

At the conclusion of the equitable distribution phase of the matrimonial action, in addition to continuing a Family Court order awarding child support to the defendant, who has custody of the parties' child, the court awarded title to the subject property to the defendant, stating: "With regard to the house at 6 Cottage Lane in Suffern, the house—the court finds that the house is marital property, and the Court fixes the value of the property at $150,000. It appears from all of the evidence introduced that 100 percent or practically 100 percent of all of the costs involved with the house were advanced by the parents of the Defendant, Scott Goldman. The Court notes that the—that Mr. Goldman and the child of the marriage, Richard, are presently residing in the house. And the Court will at this time order that the house be conveyed to the Defendant, Scott Goldman". The defendant and the child of the marriage presently reside in the residence. The court, addressing the issue of equitable distribution of the remaining property of the parties, divided the parties' personal property, including furniture and

the like. An engagement ring, valued at $7,500, was found to be the plaintiff's separate property. At that time, as noted, the marital residence was encumbered by three mortgages: the mortgage given to finance the purchase of the property, and the two other mortgages separately given by the plaintiff to her two attorneys after the commencement of the divorce action. Notwithstanding that the judgment awarded title to the marital residence to the defendant, the plaintiff failed to convey her interest in the property to him, requiring his counsel, after a period of 20 months, to apply to the court for a direction to require the sheriff to issue a deed on her behalf.

The defendant thereafter moved, *inter alia*, for an order discharging the subject mortgage and, in my view, the Supreme Court properly granted the motion.

Where property is owned by spouses as tenants by the entirety, either spouse may sell, mortgage, or otherwise encumber his or her rights in the property, subject to the continuing rights of the other (*see, V.R.W., Inc. v Klein,* 68 NY2d 560, 565). The mortgagee's rights in the property are essentially the same as those possessed by the mortgagor and, in the case at bar, at the time the intervenor took the mortgage from the plaintiff, she acquired a contingent interest in all the rights the plaintiff had in the tenancy encumbered by all of the limitations on those rights (*V.R.W., Inc. v Klein, supra*). The mortgagee could acquire no greater interest in the subject property than the plaintiff possessed (*Robins v Robins,* 139 AD2d 718).

Here, the plaintiff placed in issue her interest in the marital residence when she commenced this action for divorce and sought equitable distribution of the parties' marital assets, including the marital premises and, in essence, her interest in same was subject to judicial determination. Critically, the plaintiff mortgaged her interest after she had commenced the instant action for divorce. In awarding exclusive title to the subject property to the defendant, the Supreme Court took into consideration the fact that the defendant's parents advanced close to 100% of the capital necessary to purchase the home with the first mortgage. The second and third mortgages placed by the lawyers as a lien against the plaintiff's equity in the premises, exceeded that equity. The subject second mortgage given to intervenor, who was not representing the plaintiff at the conclusion of the equitable distribution phase of the divorce proceeding, was issued without consideration and merely as security. Although the intervenor's billing records are made part of the record, it is clear that the plaintiff has no interest in

contesting the value of said legal services or making the argument she was overbilled, since the court has decided she is divested of any interest in the house. Unless this second mortgage is discharged of record, the defendant, who has paid his attorneys in the matrimonial action and Family Court proceedings, and the infant child of the marriage, Richard, who resides with his father, will be subject to foreclosure and removal from the very home the court awarded to them.

Since the mortgagor's interest in the property was terminated by the divorce decree and, in my view, properly so, it follows that the mortgagee's interest was also extinguished as the mortgagee's rights are essentially the same as the mortgagor (*cf., V.R.W., Inc. v Klein, supra*). Moreover, *V.R.W., Inc. v Klein* (*supra*), cited by the majority, can be distinguished in that in that case the mortgagor actually received consideration. Here, the mortgage was given to secure future legal services and the mortgagor did not receive consideration at the time of the execution of the mortgage. Under such circumstances, the intervenor's mortgage interest was properly discharged, particularly so in view of the manner in which the intervenor's mortgage interest was created, to wit, at a time when no legal services had been performed. To hold otherwise would produce an inequitable result and, in effect, completely negate the efficacy of the matrimonial court's award of exclusive title to the property to the defendant.

Accordingly, I respectfully dissent and vote to affirm the order insofar as appealed from.