■ CAPITAL RESOURCES Co., Respondent, v JAMES PREWITT et al., Defendants. DIANA VACCARINO, Proposed Intervenor-Appellant. [697 NYS2d 320] —In an action to foreclose a mortgage, proposed intervenor Diana Vaccarino appeals from an order of the Supreme Court, Queens County (Price, J.), dated July 29, 1998, which, in effect, denied her motion for leave to intervene and vacate a judgment entered January 9, 1998, obtained against her former husband, the defendant James Prewitt, upon his failure to appear or answer the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, with costs, the motion is granted, the judgment is vacated, and the time for the proposed intervenor-appellant to serve and file an answer is extended until 30 days after service upon her of a copy of this decision and order with notice of entry.

In 1986 the defendant James Prewitt forged the signature of his former wife, the proposed intervenor-appellant, Diana Vaccarino, on mortgage documents, creating a lien on the home they owned as tenants by the entirety, and where she still resided. A prior action commenced by the plaintiff resulted in a judgment entered upon her failure to appear or answer the complaint. However, Vaccarino's default was vacated when she established, *inter alia*, that Prewitt had forged her signature. The complaint in that action was subsequently dismissed insofar as asserted against Prewitt pursuant to CPLR 3215 (c) based on the plaintiff's failure to enter a judgment within one year after Prewitt's default.

The instant action to foreclose the mortgage was commenced in 1997 against Prewitt based upon his undivided one-half interest in the former marital residence. Vaccarino was not named or served in this action. The plaintiff obtained a judgment entered January 9, 1998, upon Prewitt's failure to appear or answer the complaint, and on the very day Prewitt's one-half interest in the house was to be sold at an auction, Vaccarino obtained a temporary restraining order and moved to intervene and vacate the judgment entered on default. The Supreme Court denied her motion and we now reverse.

Contrary to the conclusion of the Supreme Court, Vaccarino clearly was a necessary party to the foreclosure action by virtue of her co-tenancy ownership interest in the property being foreclosed (*see, Home Sav. v Gkanios,* 233 AD2d 422; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). Notwithstanding that Vaccarino's half interest in the property was not directly subject to the plaintiff's mortgage, we are satisfied that Vaccarino has demonstrated a "real and substantial interest in

the outcome of the foreclosure action warranting her intervention" (*Greenpoint Sav. Bank v McMann Enters.*, 214 AD2d 647, 648; *see also, Harrison v Bain Estates*, 2 Misc 2d 52, *affd* 2 AD2d 670). Although the plaintiff may possess a viable foreclosure claim as against Vaccarino's former husband (*see, V.R.W., Inc. v Klein*, 68 NY2d 560; *Goldman v Goldman*, 260 AD2d 537; *Northgate Elec. Profit Sharing Plan v Hayes*, 210 AD2d 384), the plaintiff's ultimate goal is to force the partition and sale of Vaccarino's home. Accordingly, Vaccarino's motion for leave to intervene and vacate the judgment entered January 9, 1998, should have been granted, allowing her to defend against the plaintiff's complaint and raise any and all defenses available to a party to a foreclosure action. Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.