OPINION OF THE COURT
 

 Smith, J.
 

 At issue on this appeal is whether a mortgage taken on one spouse’s interest in a tenancy by the entirety while a divorce action was pending survived after entry of a judgment of divorce and award of the property to the other spouse. We hold that it did.
 

 On October 24, 1985, plaintiff Debra Goldman and her husband defendant Scott Goldman acquired a house as tenants by the entirety. In December 1990, plaintiff commenced an action for divorce. After commencement of the action, but before entry of judgment, plaintiff gave her attorney, Phyllis Gelman, a $50,000 mortgage on the marital property as security for Gelman’s legal services, without defendant’s knowledge or consent. Gelman duly recorded the mortgage on August 13, 1991.
 

 The Goldmans were ultimately divorced by a judgment entered in October 1994, which awarded defendant exclusive
 
 *122
 
 title to the marital home. Although defendant had learned of Gelman’s mortgage shortly after it was recorded in 1991, he failed to notify the trial court of its existence while the divorce action was pending, and the court made no special provision for it when equitably distributing the marital property.
 

 Defendant subsequently moved to discharge Gelman’s mortgage on the property, and Gelman moved for leave to intervene and in opposition to defendant’s motion to discharge her mortgage. Supreme Court granted defendant’s motion to discharge Gelman’s mortgage, concluding that the mortgage interest had been extinguished by the judgment of divorce. The court also granted Gelman’s motion for leave to intervene and stayed the discharge of the mortgage pending appeal. The Appellate Division reversed, over the dissent of two Justices. Defendant now appeals to this Court as of right. We affirm.
 

 A tenancy by the entirety is a form of real property ownership available only to parties married at the time of the conveyance
 
 (Kahn v Kahn,
 
 43 NY2d 203, 207). As tenants by the entirety, both spouses enjoy an equal right to possession of and profits yielded by the property
 
 (Neilitz v Neilitz,
 
 307 NY 882). Additionally, “each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other”
 
 (V.R.W., Inc. v Klein,
 
 68 NY2d 560, 565). Once the legal relationship between husband and wife is judicially altered through divorce, annulment or legal separation, the tenancy by the entirety converts to a tenancy in common
 
 (Kahn v Kahn,
 
 43 NY2d,
 
 supra,
 
 at 207).
 

 Although plaintiff here conveyed the mortgage after filing for divorce, she nevertheless continued to hold an interest in the property as a tenant by the entirety until the final divorce decree
 
 (id.,
 
 at 207). Thus, plaintiff was legally entitled to mortgage her interest in the tenancy during the pending divorce action. In turn, Gelman acquired a contingent interest in all the rights plaintiff possessed at the time of conveyance
 
 (V.R.W., Inc. v Klein,
 
 68 NY2d,
 
 supra,
 
 at 566;
 
 Kline v Pane,
 
 1 NY2d 15, 19). Once the trial court rendered a final judgment of divorce and plaintiff’s interest in the premises transmuted into a tenancy in common, Gelman retained an interest in the tenancy in common
 
 (V.R.W., Inc. v Klein, supra,
 
 at 566). Accordingly, while the distributive award divested plaintiff of her interest in the property, Gelman’s bundle of rights, acquired before the final judgment of divorce, was not impaired.
 

 We reject defendant’s argument that reinstating Gelman’s mortgage is inequitable and would frustrate the distributive
 
 *123
 
 award of the trial court. Defendant concedes that he knew of the mortgage shortly after it was recorded in 1991 but failed to call it to the trial court’s attention. Had defendant done so, the trial court could have considered the mortgage in fashioning an equitable distribution award. However, the trial court is not authorized under the Domestic Relations Law to defeat the secured interest of a third-party mortgagee in marital property conveyed before a final judgment of divorce
 
 (see,
 
 Domestic Relations Law § 234;
 
 Kahn v Kahn,
 
 43 NY2d,
 
 supra,
 
 at 210 [“section 234 was intended only as a procedural device to permit a court in a marital action to determine questions of possession and title * * * and was not intended to alter existing substantive property law principles”];
 
 see also, Stewart v Stewart,
 
 118 AD2d 455, 458).
 

 Finally, we note that 22 NYCRR 1400.5, effective November 1993, now requires attorneys to seek court approval and to notify the other spouse before obtaining a security interest in marital property (Procedure for Attorneys in Domestic Relations Matters [22 NYCRR] 1400.5).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.