Lowy, J.
This litigation arises out of a lease agreement that the plaintiff, Robert A. Normand (“plaintiff’), allegedly entered into with the husband of the defendant, Dorothy A. Enos (“defendant”), for one acre of real property that defendant and her husband, Albert Enos (“defendant’s husband”), owned as tenants by the entirety. This matter is now before the Court on the plaintiffs motion for a preliminary injunction and on the defendant’s motion to dismiss. For the reasons set forth below, plaintiffs motion is DENIED and defendant’s motion is DENIED.
Background
From May 1980 until August 2000, the defendant and her husband owned real property located at 17 Plains Road in Ipswich (the “property”) as tenants by the entirety. In July 1997, after filing for divorce, defendant learned of a lease agreement entered into on November 1, 1992 between plaintiff and defendant’s husband for a one-acre parcel (the “parcel”) of the property.
Under the terms of the agreement, plaintiff would operate a tree farm on the parcel for a period of fifteen years.[1] The lease granted plaintiff an option to purchase the parcel. The option could be exercised at any point during the tenancy.[2] The lease also granted the “landlord” of the property an option to purchase the trees. Finally, the lease required plaintiff to maintain and water the trees and the “landlord” to supply the well water necessary for irrigation.
A judgment of divorce nisi entered in June 2000 and, pursuant to the terms of a separation agreement, defendant’s husband conveyed his interest in the property to defendant in August 2000. The divorce became absolute in September 2000. In November 2000, defendant received notice from plaintiff that he intended to exercise his option to either harvest the trees or purchase the one acre if defendant did not elect to exercise her option to purchase the trees. Defendant declined to exercise her option and, additionally, prevented plaintiff from accessing the parcel to maintain and water the trees. This litigation followed.
Discussion
State of the Title to the Parcel
Before addressing the merits of the parties' motions, an analysis of the present state of the title to the one-acre parcel is necessary.[3] Defendant and her husband originally held title to the entire property as tenants by the entirety. As tenants by the entirety, defendant and her husband held a “unitary title” in the property. Snyder v. Rockland Trust Company, 249 B.R. 40, 44 (Bankr.D.Mass. 2000). They were not “two tenants by the entirety” but “one person in one tenancy.” Id. The interests of both defendant and her husband “extend[ed] to the whole of the property, not merely to some fractional interest that the other [did] not also hold.” Id. Another unique feature of a tenancy by the entirety is that upon the death of one spouse, the surviving spouse takes absolute ownership of the property. Coraccio v. Lowell Five Cents Savings Bank, 415 Mass. 145, 150 (1993). Nevertheless, in Coraccio, the Supreme Judicial Court concluded that G.L.c. 209, §1, which equalizes the rights of husbands and wives in property held by the entirety, permits one spouse to encumber his or her interest in the property. Id. at 146. While this interest may not be destroyed without both parties’ consent, either the defendant or her husband had the right to convey or encumber her or his own interest in the property and could do so without the knowledge or consent of the "non-conveying” spouse. Coraccio, 415 Mass. at 152. Accordingly, defendant’s husband validly encumbered his interest in the property when he leased the one-acre parcel to the plaintiff.
Upon leasing the parcel from defendant's husband, plaintiffs interest in the parcel was not as a tenant by the entirety; such status may only exist between two persons married to one another. Rather, plaintiff held a leasehold interest effective as to the entirety of the one parcel subject to complete defeasance if the defendant’s husband predeceased defendant. For as long as defendant and her husband remained married, and the lease remained in effect, plaintiffs rights as to shared possession and ownership of the parcel were “essentially the same as those possessed by [defendant’s husband] . . .” V.R.W., Inc. v. Klein, 68 N.Y.2d 560, 565 (1986). Plaintiffs rights, however, were always subject to defendant’s reciprocal rights of survivorship which are characteristic of a tenancy by the entirely. Id. If defendant had predeceased her husband, it would have had no impact on the plaintiffs rights under the lease, since the plaintiff would have acquired so much of the defendant’s *526 husband’s rights as the defendant’s husband conveyed under the lease. The limitation of plaintiffs interest under the lease — defendant’s right to survivorship — would have been eliminated. Conversely, if defendant’s husband had predeceased her, plaintiff would be left with no interest in the parcel. In short, plaintiffs interest in the property was defeasible if defendant’s husband had predeceased the defendant.
The issue before the Court is whether the nature of plaintiffs interest as a lessee and holder of an option to purchase, subject to a right to survivorship of the non-contracting spouse, is altered by the occurrence of a divorce decree subsequent to the execution of the lease agreement. The Court in Coraccio recognized but did not reach this issues. Coraccio, 415 Mass. at 149, n.4.
The place to begin is to analyze the nature of defendant’s, interest in the one parcel after her husband’s conveyance of the property to her upon divorce. As a result of her husband’s conveyance, the defendant held a full interest in the property, encumbered only by plaintiffs lease on the one-acre parcel. The divorce dissolved the tenancy by the entirety. The question is: Did the plaintiffs interest, upon divorce, transform and improve from an interest in the whole of the one parcel subject to a condition of defeasance into something more?
Certainly one outcome might be that the right of a contracting party is fixed at the time the contract is executed. The appeal of this approach is that a lessee or optionee acquires no greater or lesser interest in the property than was originally conveyed. This analysis would also protect the non-contracting spouse, in this case, the defendant, by preventing her spouse from alienating his interests in land without her knowledge and consent. Under such an approach, the plaintiff would hold an undivided interest in the whole of the one parcel as a lessee or optionee subject to defendant’s survivorship interest.
While this analysis is appealing, it misses the point. At the time plaintiff entered the lease and option to purchase, the defendant and her husband held the property as a whole as one entity. Plaintiffs lease was encumbered by survivorship only because defendant and her husband were married and held the property as tenants by the entirety. Upon divorce, the tenancy by the entirety dissolved because it existed solely as a legal incident to marriage. Plaintiffs lease, however, did not dissolve. Its nature was always dependent upon the marital status and subject to change upon either spouse’s death. The plaintiffs lease and option to purchase were derivative of the husband’s interest.
Since plaintiffs interest in the estate was dependent on the marital status of the defendant and her husband and the expectation of the plaintiff, the husband, and the community should be that the survivorship interest was incident to the marriage, there is no unfairness in recognizing that, upon divorce, the inchoate rights of the lessee would follow that of the lessor. See V.W.W. Inc. v. Klein, 68 N.Y. 2nd at 567-68. If defendant and her husband continued to hold the property jointly after their divorce, they would have held the property as tenants in common. Since the marriage, and therefore the tenancy by the entirety, was dissolved, plaintiff now has a lease interest as a tenant in common with the defendant and an option to purchase a tenancy in common with defendant on the one-acre parcel. Neither the lease nor the option is subject to survivorship.[4]
Preliminary Injunction
A. Standard of Review
Plaintiff has requested that this Court issue a preliminary injunction which requires defendant to supply well water to plaintiff and to allow him reasonable access to the parcel to maintain and water the trees. The granting or denying of an application for a preliminary injunction “generally rests within the sound discretion of the judge” after applying the three-part balancing test articulated in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 615-617 (1980). First, the Court must evaluate the moving party’s claim of injury and its likelihood of success on the merits. Id. at 617. Second, it must determine whether failing to issue a preliminary injunction would subject the moving party to irreparable injury — losses that cannot be repaired or adequately compensated upon final judgment. Id. at 617 &n. 11. Third, ”[i]f the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party.” Id. at 617. In balancing these factors, “[w]hat matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.” Id. In an appropriate case, “the risk of harm to the public interest also may be considered.” Brookline v. Goldstein, 388 Mass. 443, 447 (1983).
B. Plaintiffs Application for Preliminary Injunction
Applying the above factors to the facts in this case, this Court finds that plaintiff is not entitled to a preliminary injunction. If plaintiff succeeds on the merits he may be compensated through money damages for the lost value of the trees.
Motion to Dismiss
A. Standard of Review
Defendant has moved to dismiss the complaint for failure to state a claim under Mass.R.Civ.P. 12(b)(6) and for failure to join an indispensable party under Mass.R.Civ.P. 12(b)(7). When evaluating the sufficiency of a complaint, this Court must accept as true *527 the factual allegations of the complaint and all reasonable inferences favorable to the plaintiffs which can be drawn from those allegations. Fairneny v. Savogran, 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The issue is whether the facts alleged, generously construed in favor of the plaintiffs, state a valid legal claim that would warrant relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). The complaint should not be dismissed for failure to state a claim “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977).
B. Defendant’s Motion to Dismiss
This Court denies defendant’s motion to dismiss on both grounds. The conveyance of defendant’s husband’s interest in the property was subject to the lease with plaintiff and defendant’s survivorship interest was dissolved upon the conveyance. Plaintiffs allegations, if true, and the reasonable inferences therefrom, state a claim upon which relief could be granted. Therefore, viewing the facts and inferences in the light most favorable to plaintiff, defendant’s motion to dismiss is denied.
ORDER
For the reasons set forth above, it is hereby ORDERED that Plaintiffs motion for preliminary injunction is DENIED and Defendant’s motion to dismiss is DENIED.
By the Court,

 The consideration to be paid by plaintiff in exchange for use of the property was $ 1.00 per year.

 The purchase price of the property was pre-established in the lease according to a sliding purchase price scale which increased as the length of tenancy increased.

 The factual setting of this case mirrors that presented in V.R.W., Inc. v. Klein, 68 N.Y.2d 560 (1986), a New York Court of Appeals case which the Supreme Judicial Court cited in Coraccio v. Lowell Five Cents Savings Bank, 415 Mass. 145 (1993), in interpreting G.L.c. 209, 81. Thus, this Court looks to the V.R.W., Inc. for guidance in determining the issues now presented.

 As this is a Motion to Dismiss, the Court does not reach the equities of the matter. The question of whether equity requires maintenance of the defendant’s survivorship interest, as it pertains to either the lease or the option, would be properly dealt with on a motion for summary judgment. See First Lake Corp. v. William Cunningham, et al., Civil No. 94-00729, 4 Conn. L. Rptr. 15 (Norfolk Super. Ct. February 1996) (Cowin, J.).