█ Steve Rose, Appellant, v Julie H. Levine et al., Defendants, and Robert Levine et al., Respondents. [969 NYS2d 72]—

In an action to foreclose three mortgages, in which the defendants Robert Levine, Jason Levine, Jared Levine, and Janet Torre counterclaimed for declaratory relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 8, 2011, as, in effect, upon renewal, (a) granted the motion of the defendants Robert Levine, Jason Levine, Jared Levine, and Janet Torre for summary judgment in connection with the first cause of action declaring that the maximum that is due on the first mortgage, which was dated October 9, 2002, is only $9,321.21, dismissing, insofar as asserted against those defendants, the second and third causes of action, which were to foreclose the second and third mortgages, which were dated February 26, 2003, and December 2, 2003, respectively, on the first counterclaim of those defendants declaring that the second and third mortgages are invalid and unenforceable, that the first mortgage is invalid and unenforceable except to the extent of $9,321.21, and that the mortgages are invalid against the interest that the defendant Robert Levine possessed in the subject premises as a tenant in common with the defendant Julie H. Levine, and (b) pursuant to CPLR 6514 (b) to discharge a notice of pendency filed on August 31, 2005, against the subject

premises, except to the extent of granting him leave to file a new notice of pendency against the subject premises in connection with the first mortgage only in the amount of $9,321.21.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof, in effect, upon renewal, granting those branches of the motion of the defendants Robert Levine, Jason Levine, Jared Levine, and Janet Torre which were for summary judgment in connection with the first cause of action declaring that the maximum that is due on the first mortgage, which was dated October 9, 2002, is only $9,321.21, dismissing, insofar as asserted against those defendants, the second and third causes of action, which were to foreclose the second and third mortgages, which were dated February 26, 2003, and December 2, 2003, respectively, and on the first counterclaim of those defendants declaring that the second and third mortgages are invalid and unenforceable, and that the first mortgage is invalid and unenforceable except to the extent of $9,321.21, and substituting therefor provisions, upon renewal, denying those branches of the motion, and (2) by deleting the provision thereof, in effect, upon renewal, granting that branch of the motion of the defendants Robert Levine, Jason Levine, Jared Levine, and Janet Torre which was pursuant to CPLR 6514 (b) to discharge a notice of pendency filed on August 31, 2005, against the subject premises, except to the extent of granting the plaintiff leave to file a new notice of pendency against the subject premises in connection with the first mortgage only in the amount of $9,321.21, and substituting therefor a provision, upon renewal, denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the mortgages are invalid against the interest that the defendant Robert Levine possessed in the subject premises as a tenant in common with the defendant Julie H. Levine.

During the pendency of a divorce action between the defendant Julie Levine (hereinafter Julie) and the defendant Robert Levine (hereinafter Robert), Julie borrowed large sums of money from her boyfriend, the plaintiff Steven Rose. The loans were memorialized by promissory notes, and secured by three mortgages on the marital residence given only to Rose, individually. The first of the three mortgages (hereinafter the first mortgage) was dated October 9, 2002, the second of the three mortgages (hereinafter the second mortgage) was dated February 26, 2003, and the third of the three mortgages (hereinafter

the third mortgage) was dated December 2, 2003. At the conclusion of the proceedings in the divorce action, Robert was awarded sole title to the subject premises, and the then-principal sum of the debt secured by the three mortgages, or $1,050,000, was deducted from Julie's share of the equitable distribution award made in the divorce action.

Subsequently, Rose commenced this action against Julie and Robert, among others, to foreclose on the subject three mortgages. Robert, along with several other defendants in this action, asserted counterclaims challenging the validity of the mortgages on the ground that they were given in the absence of valid consideration. By notice of motion dated January 25, 2011, Robert, along with several other defendants (hereinafter collectively the moving defendants), moved, inter alia, for summary judgment declaring that the mortgages are invalid, except up to the first $9,321.21 of the first mortgage. The moving defendants contended that Rose conceded that, although he personally paid that amount for the first mortgage, the remaining balance of mortgage loan proceeds paid to Julie, which was purportedly secured by the remainder of the first mortgage, as well as the entirety of the proceeds secured by the second and third mortgages, came from Rose's wholly-owned corporation, Tally Display Corp. (hereinafter Tally). The Supreme Court granted that relief to the moving defendants.

The Supreme Court should have denied those branches of the moving defendants' motion which were for summary judgment in connection with the first cause of action declaring that the maximum that is due on the first mortgage is only $9,321.21, dismissing, insofar as asserted against them, the second and third causes of action, which were to foreclose the second and third mortgages, respectively, on their first counterclaim declaring that the second and third mortgages are invalid and unenforceable, and that the first mortgage is invalid and unenforceable except to the extent of $9,321.21. The moving defendants seek such relief based on the fact that the balance of the mortgage loan proceeds paid to Julie did not originate with Rose, but with Tally.

"[T]he validity of the mortgage usually depends indirectly upon consideration, not for the mortgage itself, but for the obligation upon which it depends" (Grant S. Nelson & Dale A. Whitman, 1 Real Estate Finance Law § 2.3 [5th ed 2010]; see Restatement [Third] of Property [Mortgages] § 1.2 [a]; William F. Walsh, A Treatise on Mortgages § 14 at 74 [1934]). It is not necessary, however, that the party seeking to foreclose provided the consideration. A mortgage may be valid as long as proper

consideration exists for the underlying obligation; once a party has lawfully obtained both the mortgage and the underlying promissory note, that party has standing to foreclose on the mortgage in the event of the default on the borrower's obligation (*see e.g. Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007] [Mortgage Electronic Registration Systems, Inc., which did not provide the proceeds of the underlying mortgage loan, nonetheless had standing to maintain its foreclosure action where, at the time of the commencement of the action, it was the lawful holder of the promissory note, as well as of the mortgage, which passed into its possession as an incident to the promissory note]). Thus, the fact that Tally provided the consideration, rather than Rose, does not, by itself, render the mortgages invalid. Accordingly, the moving defendants failed to establish, prima facie, that Rose can only foreclose on the first mortgage up to the first $9,321.21 in debt secured by that mortgage, and that the balance of the debt secured by that mortgage, along with the debts secured by the second and third mortgages, were invalid. Since the moving defendants failed to meet their prima facie burden, this Court need not consider the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the moving defendants satisfied their prima facie burden in connection with that branch of their motion which was for summary judgment declaring that the mortgages are invalid against Robert's interest in the premises, and, in opposition, Rose failed to raise a triable issue of fact. At the time when Julie mortgaged her interest in the premises to Rose, she and Robert, who were still married, held their ownership interests as tenants by the entirety. "As tenants by the entirety, both spouses enjoy an equal right to possession of and profits yielded by the property" (*Goldman v Goldman*, 95 NY2d 120, 122 [2000]). However, "there is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (*V.R.W., Inc. v Klein*, 68 NY2d 560, 565 [1986]; *see Goldman v Goldman*, 95 NY2d at 122). Nevertheless, "a conveyance by one tenant, to which the other has not consented, cannot bind the entire fee" (*V.R.W., Inc. v Klein*, 68 NY2d at 564; *see Lawriw v City of Rochester*, 14 AD2d 13, 15 [1961], *affd* 11 NY2d 759 [1962]; *see also Kwang Hee Lee v Adjmi 936 Realty Assoc.*, 34 AD3d 646, 648 [2006] ["A co-owner can only encumber its own interest in property without the consent of the other co-owners"]).

In this case, Julie's unilateral execution of the mortgages in favor of Rose was ineffective to encumber Robert's interest in the property, and Rose is therefore limited to seeking foreclosure on the interest in the property that Julie possessed at the time when the mortgages were executed and delivered (see V.R.W., Inc. v Klein, 68 NY2d at 564-565; 1.2.3. Holding Corp. v Exeter Holding, Ltd., 72 AD3d 1040, 1042 [2010]; Northgate Elec. Profit Sharing Plan v Hayes, 210 AD2d 384 [1994]). We note, however, that after Robert and Julie were divorced, and their interest in the premises converted into a tenancy in common, Rose retained a security interest in the tenancy in common, notwithstanding that the equitable distribution award divested Julie of the monetary equivalent of her interest in the property (see Goldman v Goldman, 95 NY2d at 122; V.R.W., Inc. v Klein, 68 NY2d at 566-568; Money Store/Empire State v Lenke, 151 AD2d 256, 257-258 [1989]). In sum, the Supreme Court properly granted that branch of the motion which was for summary judgment declaring that the mortgages are invalid against Robert's interest in the premises.

Rose's remaining contentions either are without merit or need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the mortgages are invalid against the interest that the defendant Robert Levine possessed in the subject premises as a tenant in common with the defendant Julie H. Levine (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.