Wilmington Sav. Fund Socy. v Brown (2026 NY Slip Op 01626)

Wilmington Sav. Fund Socy. v Brown

2026 NY Slip Op 01626

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 157963/20|Appeal No. 6153|Case No. 2023-04252|

[*1]Wilmington Savings Fund Society, etc., Plaintiff-Respondent,
vRaquel Cook Brown, et al., Defendants-Appellants, The Office of the City Register of the City of New York, et al., Defendants.

Zarco Law Group P.C., New York (Richard B. Zarco of counsel), for appellants.
Craig Stuart Lanza, PLLC, Brooklyn (Craig Stuart Lanza of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about August 2, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss plaintiff's first, second, fourth, and fifth causes of action, unanimously affirmed, without costs.
Supreme Court properly found that the relevant causes of action were not time barred. Contrary to defendants' assertions, the first cause of action does not seek reformation of the mortgage. Rather, plaintiff, the mortgagee of the real property in dispute, pleads that it has an interest in the property within the meaning of RPAPL article 15 even if defendant Raquel Cook Brown did not sign the mortgage documents, and seeks to compel the judicial determination of its claim to an interest in the property under article 15 (see RPAPL 1501[1], [5]). Similarly, the second cause of action, which seeks to direct the recording of plaintiff's mortgage, does not constitute a request to reform the mortgage; instead, plaintiff asserts that even given the failure to fully execute the mortgage, it is entitled to a resolution of its claim to the property under RPAPL article 15. As a result, the first and second causes of action fall within the ambit of RPAPL article 15 and are not governed by the six-year statute of limitations for reformation claims; instead, article 15 allows a plaintiff to maintain an action on an interest in real property if at least five years remain on the term of the interest in the property. Because the subject mortgage originated on January 31, 2008 for a term of 30 years with a maturity date of February 1, 2038, these causes of action were timely because they were commenced by February 1, 2033.
For substantially the same reasons, we reject defendants' argument that because plaintiff's fourth and fifth causes of action seek subrogation of two mortgage interests, they are subject to a six-year statute of limitations and hence are time barred. In the fourth and fifth causes of action, plaintiff seeks to clarify the relative priorities of those competing mortgage interests — an issue that is within the scope of RPAPL article 15 and therefore is timely (see RPAPL 1501[1], [5]).
Despite defendant's contentions otherwise, plaintiff has an interest in the property sufficient to maintain an article 15 action notwithstanding the absence of Raquel Cook Brown's signature on the mortgage documents. Even if Cook Brown never intended to execute the mortgage, a tenant by the entirety "may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (V.R.W., Inc. v Klein , 68 NY2d 560, 565 [1986]). Thus, at the very least, plaintiff has a mortgage from defendant Wesley D. Brown, and, hence, has an interest in the property (see RPAPL 1501[5]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026