■ Money Store/Empire State, Inc., Appellant, v Catherine Lenke, Respondent, et al., Defendant.—Order of the Supreme Court, Bronx County (Harold Tompkins, J.), entered September 20, 1988, which denied plaintiff's motion for summary judgment and the appointment of a Referee to compute the amount due, unanimously reversed, on the law, the motion is granted, and the matter remanded for further proceedings in accordance with RPAPL 1321, without costs.

Defendant and her former husband took title to the subject property as tenants by the entirety in February 1975. In April 1984, defendant's former husband and another person pretending to be defendant executed a bond and mortgage to plaintiff, forging defendant's signature. Thereafter, the record does not indicate exactly when, defendant and her husband were divorced, defendant asserting that she was awarded exclusive possession of the subject property until emancipation of her youngest child. In October 1985, defendant's former husband filed for bankruptcy, and in August 1987, his interest in the subject property was transferred to defendant in a quitclaim deed executed by the trustee in bankruptcy. Alleging a default in the payment of the mortgage while acknowledging that defendant's signature thereon was forged,

plaintiff instituted this foreclosure action in February 1988 only as against the interest in the property formerly owned by the husband. A motion by plaintiff for summary judgment was opposed by defendant on the ground that the fraud of her former husband in causing her signature to be forged was facilitated by plaintiff's "negligence" in accepting the forged mortgage instruments. Such negligence, defendant argues, caused her damage in that, in the later divorce proceeding, she would have sought additional financial concessions from her husband had she known of the mortgage encumbering the property. Defendant also argued in opposition to the motion that the interest of her former husband on which plaintiff is foreclosing is subordinate to her exclusive right of possession awarded in the judgment of divorce. IAS denied plaintiff's motion for summary judgment on the ground that issues of fact exist as to whether plaintiff was negligent in failing to ascertain that defendant's signature on the mortgage documents was forged.

We reverse because plaintiff did not owe a duty to defendant to ascertain the true identities of the parties executing the mortgage, and thus any failure on plaintiff's part to be reasonably vigilant against the risk of forgery does not constitute a defense to the action. Ample protection against imposters is afforded property owners by the refusal of the law to recognize conveyances made by imposters. Here, for example, although plaintiff holds a mortgage that purports to encumber the entire estate, it recognizes that it has no claim to the interest that was held by defendant during her marriage, and forecloses instead only on the interest that was held by the husband. This it can do since the husband would not have been prevented from mortgaging at least his interest in the tenancy by the entirety even if he had sought the wife's consent to a mortgage covering both of their interests and she had refused (V.R.W., Inc. v Klein, 68 NY2d 560). In other words, the forgery of defendant's signature by her husband, and plaintiff's alleged failure to exercise due care in discovering it, does not preclude plaintiff from foreclosing on the interest that the husband could have in any event conveyed unilaterally.

Nor is plaintiff's right to foreclose on that interest impaired by the subsequent divorce which, as a matter of law, extinguished defendant's right of survivorship (supra, at 566). While it is true that the mortgage could only have diminished the value of the property to defendant, and while we do not doubt that defendant would have negotiated a different di-

vorce settlement had she known of it, plaintiff cannot be held responsible for the husband's perjurious conduct in not disclosing the mortgage in the divorce proceeding *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8 ["In the ordinary circumstance, common law in the State of New York does not impose a duty to control the conduct of third persons to prevent them from causing injury to others"]).

The judgment of divorce, which purportedly granted defendant exclusive possession of the property until the emancipation of her youngest child, postdated the execution of the mortgage, and thus cannot be said to be prior to the lien of that mortgage. Nor did the bankruptcy sale of the husband's interest in the property to defendant extinguish plaintiff's mortgage, since in the absence of contrary language, a bankruptcy sale is subject to valid existing liens and encumbrances *(Gotkin v Korn,* 182 F2d 380, 382). Concur—Sullivan, J. P., Asch, Milonas, Wallach and Rubin, JJ.