■ FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Appellant, v JOSEPH M. KEVLIN et al., Defendants and DOROTHY A. KEVLIN, Respondent. [610 NYS2d 361] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 16, 1993 in Rensselaer County, which, inter alia, denied plaintiff's motion for summary judgment.

On or about October 23, 1989, defendants Joseph M. Kevlin and Dorothy A. Kevlin, as husband and wife, purportedly executed a revolving loan agreement and mortgage whereby they promised to repay certain sums advanced by Household Finance Realty Corporation of New York (hereinafter Household). Pursuant to such mortgage instrument, the Kevlins granted a mortgage lien upon their residence located at 243 Hampton Avenue Extension in the Town of East Greenbush, Rensselaer County.

After a default in the repayment of such sums, Household elected to accelerate payment of the principal sum due. Subsequent to the purported execution of these mortgage documents, the Kevlins entered into a written agreement of separation on or about June 18, 1991. Pursuant to such agreement, Dorothy Kevlin was to receive a portion of Joseph Kevlin's equitable interest in said property.

Household commenced this mortgage foreclosure proceeding and Joseph Kevlin failed to appear or answer. Dorothy Kevlin interposed an answer generally denying the allegations in the complaint and affirmatively alleged that her signature on the mortgage documents was forged and that Household knew, due to the commencement of a previous foreclosure action which was since discontinued, that her signature was forged on the underlying mortgage documents.

Household thereafter moved for summary judgment against the interest of Joseph Kevlin only and for an order severing

the causes of action asserted against Dorothy Kevlin.* In opposition thereto, Dorothy Kevlin contended that to permit the foreclosure action to proceed against Joseph Kevlin would impair her equitable interest in the property. Moreover, Dorothy Kevlin contended that plaintiff should not be permitted to proceed due to its knowledge of her claim of forgery. Supreme Court denied plaintiff's motion for summary judgment and concluded that a foreclosure sale would adversely affect Dorothy Kevlin's equitable interest in the property.

In light of plaintiff's request for an order severing the claims against Dorothy Kevlin, we do not find that there were material issues of fact which would preclude an award of summary judgment in this action. Dorothy Kevlin's claims of forgery would not constitute a defense to the foreclosure action instituted against Joseph Kevlin. Where, as here, a husband and wife take title to the real property as tenants by the entirety, each acquires an undivided interest in the entire property with rights of survivorship which may not be impaired without the consent of the other (see, V.R.W., Inc. v Klein, 68 NY2d 560, 564; Schwab v Krauss, 165 AD2d 214, 216). Notwithstanding this tenancy, "a conveyance by one tenant, to which the other has not consented, cannot bind the entire fee or impair the nonconsenting spouse's survivorship interest" (V.R.W., Inc. v Klein, supra, at 564). Hence, it is well settled that each spouse had the ability to sell, mortgage or otherwise encumber their own rights in the property subject to the continuing rights of the other spouse (see, supra, at 565; Money Store/Empire State v Lenke, 151 AD2d 256, 257). Accordingly, upon the severance of this action against Dorothy Kevlin, the foreclosing mortgagee would only acquire that interest held by Joseph Kevlin. It should be noted that the foreclosing mortgagee would be barred from any attempt to involuntarily partition the property (see, V.R.W., Inc. v Klein, supra, at 565).

Further, this Court does not find that plaintiff owed a duty to Dorothy Kevlin "to ascertain the true identities of the parties executing the mortgage" (Money Store/Empire State v Lenke, supra, at 257). Accordingly, we do not find that even if plaintiff had learned of a possible forgery prior to commencing

---

* Household further moved for an order permitting the substitution of First American Title Insurance Company of New York as plaintiff in this action in the place and stead of Household because the note and mortgage which are the subject of the action were assigned by Household to First American. That branch of the motion was granted and is not raised in this appeal.

this action, such forgery would constitute a sufficient defense to preclude plaintiff from foreclosing on the interest held by Joseph Kevlin (see, supra, at 257).

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting plaintiff's motion for summary judgment against defendant Joseph M. Kevlin and severing the claims against defendant Dorothy A. Kevlin, and, as so modified, affirmed.