■ BANQUE NATIONALE DE PARIS, Respondent, v 1567 BROADWAY OWNERSHIP ASSOCIATES et al., Appellants, et al., Defendants. [625 NYS2d 152] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 3, 1994, which, *inter alia,* granted the motion by plaintiff Banque Nationale de Paris ("plaintiff") for partial summary judgment pursuant

to CPLR 3212 as against, *inter alia,* defendants 1567 Broadway Ownership Associates, 47 Ownership Corp., Murray Riese, and National Restaurants Management, Inc. (collectively "the Riese appellants") on the first, second and third causes of action of the complaint, and which denied the cross motion by the Riese appellants seeking to amend their answer to include an additional affirmative defense and to compel disclosure pursuant to CPLR 3212 (f), unanimously affirmed, with costs.

The IAS Court properly granted plaintiff mortgagee partial summary judgment on the first, second and third foreclosure causes of action as against the Riese appellants, as mortgagors. The record reveals that the plaintiff established its entitlement to foreclosure by producing relevant documents, including the underlying mortgages, promissory notes and guarantees, proving that the plaintiff had loaned defendant 1567 Broadway and its principals approximately $26 million, that the Riese appellants had defaulted in making payment thereon, and that the plaintiff was entitled under the mortgage documents, as modified, in seeking foreclosure against, *inter alia,* the Riese appellants *(see, Travelers Ins. Co. v 633 Third Assocs.,* 194 AD2d 418, 419; *Friesch-Groningsche Hypotheekbank Realty Corp. v Ward Equities,* 188 AD2d 397). The defendant mortgagors have failed to come forward with proof in admissible form supporting their allegations that the plaintiff acted wrongfully or their defenses of overreaching *(Greater N. Y. Sav. Bank v 2120 Realty,* 202 AD2d 248; *Tanen v Benaresh,* 201 AD2d 398).

Nor did the plaintiff bank owe a duty to the Riese appellants to authenticate or guarantee the genuineness of the signatures of their partner, defendant Elie Hirschfeld, on the March 1992 mortgage modification documents. There is no fiduciary duty or privity of contract arising out of the contractual arm's length debtor and creditor legal relationship between a borrower and a bank which would give rise to a cause of action for negligent misrepresentation *(Bank Leumi Trust Co. v Block 3102 Corp.,* 180 AD2d 588, 589). Any failure by the bank mortgagee to be reasonably vigilant against the risk of forgery by defendant Hirschfeld, a non-appellant, does not constitute a defense to a foreclosure because the bank mortgagee owes no duty to ascertain the true identities of other parties executing the mortgage *(Money Store/Empire State v Lenke,* 151 AD2d 256, 257; *First Am. Tit. Ins. Co. v Kevlin,* 203 AD2d 681).

The IAS Court also properly denied the Riese appellants'

cross motion seeking to amend their answer to include an additional affirmative defense of negligent misrepresentation concerning the genuineness of the Hirschfeld signatures as against the plaintiff. There was no factual or legal basis for the proposed amendment in the absence of a confidential or fiduciary relationship between the borrower and the plaintiff bank *(Bank Leumi Trust Co. v Block 3102 Corp., supra)*, and the proposed defenses to foreclosure were therefore insufficient as a matter of law *(Posner v Central Synagogue*, 202 AD2d 284, 285, *lv dismissed* 83 NY2d 953).

Nor did the IAS Court err in denying the Riese appellants' cross motion for additional discovery pursuant to CPLR 3212 (f). Appellants have failed to establish that the facts concerning the genuineness of the Hirschfeld signatures on the mortgage documents allegedly essential to justify opposition to summary judgment, which may exist but cannot then be stated, are exclusively within the plaintiff's knowledge, and that the requested discovery was therefore anything more than a mere "fishing expedition" *(Auerbach v Bennett*, 47 NY2d 619, 636; *Citibank v Furlong*, 81 AD2d 803, 804).

The defenses now sought to be interposed by the Riese appellants are barred by the express language of the loan documents in which each unequivocally declared that they had no "offsets, defenses or counterclaims" to the payment of the outstanding amount *(Bank of Suffolk County v Kite*, 49 NY2d 827; *Perlstein v Kullberg Amato Picacone/ABP*, 158 AD2d 251).

Finally, the equitable doctrines of estoppel, waiver and ratification bar appellants from withdrawing their assent to the 1992 mortgage modification, where, as here, appellants waited two years before seeking to repudiate their contractual commitments to the plaintiff bank, after the appellants had enjoyed the financial benefits of the modification *(Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 253). Concur— Sullivan, J. P., Asch, Nardelli and Tom, JJ.