■ KATHERINE DeLAURENZO, Appellant, v BRUCE J. NADLER, Respondent. [778 NYS2d 909]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated May 2, 2003, as treated that branch of the defendant's motion which was to dismiss her fourth cause of action as one for summary judgment, and granted that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly treated that branch of the defendant's motion which was to dismiss her fourth cause of action as one for summary judgment (*see Gelmin v Quicke,* 224 AD2d 481 [1996]; *cf. Mihlovan v Grozavu,* 72 NY2d 506 [1988]), and properly found that "there is no evidence of a willful refusal to provide [the medical] records" that the plaintiff requested and that related to the defendant's treatment of the plaintiff. In the absence of a willful or bad faith refusal to provide access to medical records in accordance with Public Health Law § 18, the allegedly aggrieved patient's judicial recourse is "limited to a judgment requiring [the physician] to make available to the qualified person the requested information for inspection or copying" (Public Health Law § 18 [3] [f]; *see* Public Health Law § 18 [11]; *cf.* Education Law § 6530 [40]; Public Health Law § 230-a [administrative penalties for professional misconduct]; Public Health Law §§ 12, 12-b). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.