■ HOLY NAME OF JESUS ROMAN CATHOLIC CHURCH, in the Borough of Brooklyn in the City of New York, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and CITY OF NEW YORK, Respondent. [813 NYS2d 197]—

In an action to recover for property damage, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 10, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant New York City Transit Authority, and the action against the remaining defendant is severed.

The plaintiff commenced this action for property damage against, inter alia, the defendant New York City Transit Authority (hereinafter the defendant) alleging that the vibrations of the defendant's underground subway lines caused damage to the sidewalk abutting the plaintiff's property. The Supreme Court denied the defendant's motion for summary judgment. We reverse.

The defendant established its prima facie entitlement to summary judgment by submitting expert evidence that, based on

tests performed at the subject location measuring the vibration level of trains passing underground, the property damage could not have been caused by the vibrations of subway lines (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Bitterman v Grotyohann,* 295 AD2d 383 [2002]). In opposition, the plaintiff failed to submit any competent evidence tending to establish a factual issue as to the cause of the property damage. Here, the deposition testimony of the plaintiff's representative, Reverend Dennis Farrell, and the affirmation of the plaintiff's attorney merely offered speculation that the vibrations of the subway lines caused the property damage (*see Bernstein v City of New York,* 69 NY2d 1020, 1021 [1987]; *Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744 [1986]). Accordingly, the plaintiff's opposition was insufficient to defeat the defendant's motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Hongach v City of New York,* 8 AD3d 622 [2004]). Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.