■ ARLENE BURGER, Appellant, v FRANK SINGH et al., Defendants, and S&C INVESTORS, LLC, Respondent. [816 NYS2d 478]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from so much of an amended order and judgment (one paper) of the Supreme Court, Kings County (M. Garson, J.), dated March 11, 2004, as granted those branches of the cross motion of the defendant S&C Investors, LLC, which were for summary judgment dismissing the fourth, tenth, and eleventh causes of action insofar as asserted against it, granted the oral application of the defendant S&C Investors, LLC, to impose a lien upon the subject property, dismissed the fourth, tenth, and eleventh causes of action insofar as asserted against the defendant S&C Investors, LLC, and imposed a lien upon the subject property in favor of that defendant in the sum of $33,386.49.

Ordered that the amended order and judgment is modified, on the law, by (1) deleting the provision thereof granting that branch of the cross motion of the defendant S&C Investors, LLC, which was for summary judgment dismissing the fourth cause of action insofar as asserted against it and substituting therefor a provision denying that branch of the cross motion, and (2) deleting the provision thereof imposing a lien upon the subject property in favor of the defendant S&C Investors, LLC, in the sum of $33,386.49; as so modified, the amended order and judgment is affirmed insofar as appealed from, without costs or disbursements, the fourth cause of action is reinstated as against the defendant S&C Investors, LLC, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

In the fall of 1999 several individuals participated in a scheme to fraudulently acquire title to a house in Brooklyn owned by the plaintiff, Arlene Burger. At a closing conducted on November 12, 1999, an imposter posing as the plaintiff executed a deed conveying the premises to the defendant Marine Funding, Inc. Marine Funding's purchase of the premises was financed by a mortgage loan from the defendant, S&C Investors, LLC (hereinafter S&C). After learning of the fraudulent conveyance, the plaintiff commenced this action against several parties including Marine Funding and its president, the mortgagee, S&C, the notary public who acknowledged the imposter's fraudulent signature at the closing, and the abstract company that performed the title search. The first cause of action sought a de-

termination of claims to the subject property, vacatur of the forged deed, and vacatur of S&C's mortgage. The plaintiff additionally asserted causes of action, inter alia, to recover damages for trespass, negligence, and negligent infliction of emotional distress.

The plaintiff subsequently moved for partial summary judgment on her first, second, and third causes of action, and S&C cross-moved, inter alia, for summary judgment dismissing the fourth cause of action to recover damages for trespass, the tenth cause of action to recover damages for negligence, and the eleventh cause of action to recover damages for negligent infliction of emotional distress. In support of its cross motion, S&C relied upon the affidavit of one of its principals, who averred that he had had no knowledge of the scheme to defraud the plaintiff, and that he had relied upon the title closer and the notary public to verify the identity of the person who appeared at the closing and identified herself as the seller. The Supreme Court granted the plaintiff's motion for partial summary judgment on her first cause of action based upon undisputed evidence that the deed conveying the premises had been executed by an imposter. The court also granted those branches of S&C's cross motion which were for summary judgment dismissing the plaintiff's trespass, negligence, and negligent infliction of emotional distress causes of action insofar as asserted against it.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of S&C's motion which was for summary judgment dismissing the negligence cause of action insofar as asserted against it. The gravamen of that cause of action is that S&C owed her a duty with respect to the conveyance of her property, and that it breached that duty by failing to realize that the person who appeared at the closing and presented a false driver's license bearing the plaintiff's name and address was actually an imposter. However, S&C, in its capacity as a lender and prospective mortgagee, did not owe the plaintiff a duty to exercise due care in verifying the identity of the person who appeared at the closing purporting to be the owner of the property (see *Beckford v Northeastern Mtge. Inv. Corp.*, 262 AD2d 436 [1999]; *Chemical Bank v Bowers*, 228 AD2d 407 [1996]; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359 [1995]; *First Am. Tit. Ins. Co. of N.Y. v Kevlin*, 203 AD2d 681 [1994]; *Money Store/Empire State v Lenke*, 151 AD2d 256 [1989]). Indeed, in most instances, "[a]mple protection against imposters is afforded property owners by the refusal of the law to recognize conveyances made by imposters"

(*id.* at 257). Thus, S&C's failure to realize that the person who appeared at the closing purporting to be the seller was actually an imposter does not give rise to a cause of action to recover damages for negligence (*see Beckford v Northeastern Mtge. Inv. Corp., supra*; *Money Store/Empire State v Lenke, supra*).

Since the plaintiff's negligent infliction of emotional distress cause of action is similarly predicated upon S&C's allegedly negligent failure to have realized that an imposter was present at the closing, it was also properly dismissed insofar as asserted against S&C.

However, the Supreme Court should not have dismissed the plaintiff's trespass cause of action against S&C. A person who enters upon the land of another, without the owner's permission, " 'whether innocently or by mistake, is a trespasser' " (*Golonka v Plaza at Latham,* 270 AD2d 667, 669 [2000], quoting 104 NY Jur 2d, Trespass § 10, at 454; *see Ward v City of New York,* 15 AD3d 392 [2005]). Furthermore, nominal damages are presumed from a trespass even where the owner has suffered no actual injury to his or her possessory interest (*see Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 95 [1993]; *Shiffman v Empire Blue Cross & Blue Shield,* 256 AD2d 131 [1998]; *Ligo v Gerould,* 244 AD2d 852 [1997]). In view of the admission of S&C's president that he entered the plaintiff's property to view her house before agreeing to provide a mortgage loan, and the plaintiff's allegation that she did not authorize this entry onto her property, S&C was not entitled to summary judgment dismissing this cause of action.

Furthermore, the Supreme Court prematurely granted S&C's oral application to impose a lien upon the subject property in the amount of $33,386.49. Although S&C contends that this sum represents money it expended to satisfy real estate tax arrears and to prevent the plaintiff from losing title to the premises in a foreclosure action, the record contains no documentary evidence to substantiate its claims. Accordingly, we remit the matter to the Supreme Court, Kings County, for an evidentiary hearing to determine whether a lien should be imposed upon the property, and the proper amount of any such lien. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.