■ DELIA PAINO et al., Appellants, v KAIEYES REALTY, LLC, et al., Defendants, and HOME ABSTRACT CORP. et al., Respondents. [981 NYS2d 770]—

In an action, inter alia, to rescind two assignments of a mortgage and to recover damages for fraud and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief and a letter to the Court dated June 14, 2013, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated July 31, 2012, as granted that branch of the renewed motion of the defendant Carlo Scissura which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the renewed motion of the defendant Carlo Scissura which was to dismiss the second and third causes of action insofar as asserted against him, and substituting therefor provisions denying that branch of the renewed motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). However, when evidentiary material is adduced in support of a

motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one and, "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it is can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Jannetti v Whelan*, 97 AD3d 797, 797-798 [2012]).

Here, the evidentiary materials submitted by the defendant Carlo Scissura, consisting largely of affidavits and deposition testimony, did not establish, with respect to the second cause of action, which alleged conversion and conspiracy to convert the subject mortgage, and the third cause of action, which alleged fraud and conspiracy to commit fraud, that " 'a material fact as claimed by the pleader to be one is not a fact at all' " and that " 'no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275). Accordingly, the Supreme Court should have denied that branch of Scissura's renewed motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action insofar as asserted against him for failure to state a cause of action (*see Levenherz v Povinelli*, 14 AD3d 658, 659 [2005]).

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of Scissura's renewed motion which was to dismiss the fourth cause of action, which alleged tortious inducement to breach the subject mortgage, because the plaintiffs failed to allege that, but for Scissura's actions, the subject mortgage would not have been breached (*see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC*, 82 AD3d 1035, 1036 [2011]). In addition, the court properly granted that branch of Scissura's renewed motion which was to dismiss, with respect to Scissura, the seventh cause of action, which sought to rescind two assignments of the subject mortgage, because Scissura has no interest in either assignment, and the eighth cause of action, which sought injunctive relief with respect to the subject mortgage, since Scissura has no interest in the subject mortgage. In any event, the plaintiffs concede in their brief that the eighth cause of action has been rendered academic by virtue of a stipulation entered into by the plaintiffs and the defendant Kaieyes Realty, LLC. Skelos, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.