■ Lizjan, Inc., Respondent, v Sahn Ward Coschignano & Baker, PLLC, Appellant. [985 NYS2d 887]—

In an action to recover damages for breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), dated August 7, 2012, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that the defendant law firm represented

it during certain litigation, accepted settlement funds as escrow agent for the plaintiff, and thereafter transferred those funds to a nonparty entity. The plaintiff, alleging that it never received the settlement proceeds, commenced this action to recover damages for breach of fiduciary duty against the defendant. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, on the ground that it had transferred the subject funds to the nonparty entity at the direction of a nonparty individual who possessed actual or apparent authority to act on the plaintiff's behalf. The Supreme Court denied the defendant's motion to dismiss the complaint.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). Where, as here, evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Paino v Kaieyes Realty, LLC*, 115 AD3d 656, 656 [2014]).

Here, the complaint was adequate to allege that the defendant breached a fiduciary duty it owed to the plaintiff when it improperly transferred the subject funds to the nonparty entity without the plaintiff's consent or permission (*see generally Baquerizo v Monasterio*, 90 AD3d 587, 587 [2011]; *Takayama v Schaefer*, 240 AD2d 21, 25 [1998]), and that the nonparty individual who directed the transfer of the funds did not possess sufficient authority to effect the transfer (*see generally Greene v Hellman*, 51 NY2d 197, 210 [1980]; *150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership*, 39 AD3d 722, 723 [2007]). Contrary to the defendant's contention, the evidence it submitted in support of its motion failed to refute these allegations such that it can be said that the allegations were not facts at all and that no significant dispute exists regarding them (*see Paino v Kaieyes Realty, LLC*, 115 AD3d at 656; *Rabos v R&R*

*Bagels & Bakery, Inc.*, 100 AD3d at 852; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 811 [2011]). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Sgroi, J.P., Cohen, Miller and LaSalle, JJ., concur.