■ Juan Ponce et al., Plaintiffs, v Miao Ling Liu, Defendant/Third-Party Plaintiff-Appellant. Nexa Gomez, Third-Party Defendant-Respondent. [998 NYS2d 450]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated December 24, 2013, which granted that branch of the motion of the third-party defendant which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts alleged in the pleading as true, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Lizjan, Inc. v Sahn Ward Coschignano & Baker, PLLC*, 117 AD3d 914, 915 [2014]). "[E]videntiary material may be considered to 'remedy defects in the [pleading]' " (*Dana v Shopping Time Corp.*, 76 AD3d 992, 994 [2010], quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *see Leon v Martinez*, 84 NY2d at 88; *Way v City of Beacon*, 96 AD3d 829, 830-831 [2012]).

Here, the allegations in the third-party complaint, even as amplified by the evidentiary material submitted in opposition to the third-party defendant's motion, were insufficient to state a cause of action for indemnification. "[T]he key element of a common-law cause of action for indemnification is not a duty

running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v Braun*, 90 NY2d 177, 183 [1997], quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *see Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909, 909-910 [2012]). The third-party complaint does not allege the existence of any duty owed by the third-party defendant to the defendant/third-party plaintiff (*see Raquet v Braun*, 90 NY2d at 183; *Greenberg v Blake*, 117 AD3d 683, 684 [2014]; *Balkheimer v Spanton*, 103 AD3d 603, 604 [2013]; *Seldin v Smith*, 76 AD3d 623, 625 [2010]). Moreover, the third-party complaint, as supplemented by the evidentiary material, also failed to state a cause of action for contribution (*see Raquet v Braun*, 90 NY2d at 183; *Seldin v Smith*, 76 AD3d at 625).

The defendant/third-party plaintiff's remaining contentions are either without merit, or not properly before this Court.

Accordingly, the Supreme Court properly granted that branch of the third-party defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.