GARY ORLANDO, Respondent, v NEW YORK HOMES BY J AND J CORP. et al., Defendants, and JOSEPH DELUCA, Appellant. [11 NYS3d 76]—

In an action to recover damages for personal injuries, the defendant Joseph DeLuca appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated March 4, 2014, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, with leave to renew upon the completion of disclosure.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondent.

When a defendant submits evidence in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), and the motion has

not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Paino v Kaieyes Realty, LLC*, 115 AD3d 656, 656-657 [2014]). "[U]nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d at 275; *see Xia-Ping Wang v Diamond Hill Realty, LLC*, 116 AD3d 767, 768 [2014]; *Paino v Kaieyes Realty, LLC*, 115 AD3d at 657; *Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP*, 109 AD3d 574, 574-575 [2013]).

"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 576 [2011]; *see Korsinsky v Rose*, 120 AD3d 1307 [2014]; *Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co.*, 105 AD3d 709, 711 [2013]).

Here, the plaintiff alleged in the complaint that he was injured when he tripped and fell over a hole in the ground at the subject premises which had been created by the removal of a "for sale" sign. He alleged that the appellant owed him a duty of care as the "owner, manager and/or agent" of the subject premises, and breached that duty by failing to fill the hole.

The appellant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, and argued only that he owed no duty to the plaintiff because he did not own the subject premises. He submitted evidence in support of his motion which demonstrated that the subject premises were owned by a corporation of which he was the sole shareholder. However, since a corporate officer can be held personally liable for torts committed in the performance of his or her corporate duties (*see Ideal Steel Supply Corp. v Fang*, 1 AD3d 562, 563 [2003]; *Kopec v Hempstead Gardens*, 264 AD2d 714, 716 [1999]; *see also Huggins v Parkset Plumbing Supply, Inc.*, 7 AD3d 672, 673 [2004]), the Supreme Court properly denied, with leave to renew upon the completion of discovery, that branch of the appellant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against him. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.