■ MARION BLUMENTHAL TRUST et al., Plaintiffs, v ARBOR COMMERCIAL MORTGAGE, LLC, et al., Defendants. ARBOR COMMERCIAL MORTGAGE, LLC, et al., Third-Party Plaintiffs-Respondents, v HERBERT MEADOW et al., Third-Party Defendants, and AMY HOCHFELDER, Third-Party Defendant-Appellant. [21 NYS3d 4]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 10, 2013, which, to the extent appealed from, granted defendants/third-party plaintiffs partial summary judgment on the first counterclaim and declared that they have a valid security interest in a one-half beneficial interest in the apartment, unanimously affirmed, with costs.

This litigation involves Adam C. Hochfelder's receipt of a $1.1 million loan from defendants Arbor Commercial Mortgage, LLC, Arbor Realty SR, Inc. (Arbor). As collateral for the loan, Hochfelder purported to pledge to Arbor the interest in the shares and related proprietary lease in a certain cooperative apartment located at 1025 Fifth Avenue, in Manhattan. Hochfelder, however, only held a partial beneficial interest in the apartment and, unbeknownst to Arbor, forged those signatures on the loan documents purporting to convey the legal interest and the remaining beneficial interest in the apartment.

Hochfelder was subsequently indicted on numerous charges, to which he pleaded guilty, and was sentenced to serve time in prison and to pay restitution, including $1.3 million to be paid to Arbor in connection with the loan.

We reject appellant Amy Hochfelder's argument that, given

the restitution order in Arbor's favor, it is precluded from pursuing its civil claims in this litigation. Penal Law § 60.27 (6) provides in pertinent part that "[a]ny payment made as restitution or reparation pursuant to this section shall not limit, preclude or impair any liability for damages in any civil action or proceeding for an amount in excess of such payment." This Court has recognized that Penal Law § 60.27 "secures a victim's independent, parallel right also to pursue a defendant civilly should there be a deficiency in the restitution amount" (*People v Wein*, 294 AD2d 78, 85 [1st Dept 2002]; *see also City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 46 [2d Dept 2009]).

Hence, contrary to appellant's contentions, Arbor's claims are not precluded by the doctrines of respondent judicata, collateral estoppel, "election of remedies" or judicial estoppel; nor should they be precluded because Arbor's testimony in the criminal proceeding was voluntary, since Arbor testified pursuant to a subpoena.

The loan was not usurious since the shares and related lease in the coop apartment are not "real property improved by a one or two family residence" (General Obligations Law § 5-501 [6] [a]; *see also Matter of State Tax Commn. v Shor*, 43 NY2d 151, 157-158 [1977] [for purposes of enforcing a loan secured by a cooperative apartment, the apartment is considered personal property, not real property]). Moreover, section 4.3 of the Banking Department Regulations (3 NYCRR 4.3) expressly excludes from "interest" reasonable fees, charges and costs for title insurance and legal services actually rendered, resulting in a total interest rate here less than the 25% maximum rate imposed by law (Penal Law § 190.40).

Appellant cannot rely on the defense of unclean hands because Arbor did not owe a duty to her to prevent Adam Hochfelder's forgery (*Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359 [1st Dept 1995]; *Money Store/Empire State v Lenke*, 151 AD2d 256, 257 [1st Dept 1989]).

Finally, appellant's reading of the nominee agreement is not supported by the record. We have considered the parties' remaining arguments and find them unavailing. Concur— Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 40 Misc 3d 1215(A), 2013 NY Slip Op 51198(U).]**