■ SHELBY SULLIVAN, Appellant, v MERS, INC., et al., Respondents, et al., Defendants. [30 NYS3d 112]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 15, 2015, which, insofar as appealed from as limited by the briefs, granted the cross motions of defendant Baron Associates LLC (Baron) and defendant MERS, Inc. (MERS) to dismiss the claims for fraud, conspiracy to commit fraud, unjust enrichment, prima facie tort, breach of fiduciary duty, and negligent underwriting as asserted against them, unanimously affirmed, with costs.

The court properly dismissed the fraud claims against Baron and MERS, as plaintiff has not alleged that they made any material misrepresentations upon which he relied (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Plaintiff has also failed to state a viable claim for conspiracy to commit fraud, since his allegations that they acted as part of a common scheme or plan to defraud him of his interest in the

subject property are conclusory (*see Agostini v Sobol*, 304 AD2d 395 [1st Dept 2003]). While he has alleged facts showing that other defendants had engaged in a fraudulent scheme, the allegations with respect to Baron and MERS were only that they issued mortgages to those defendants, and that they sought to foreclose on the property after those purchasers defaulted on the loans.

The court properly dismissed the unjust enrichment claims, since plaintiff has not alleged any relationship between himself and Baron or MERS (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516-517 [2012]; *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

The claims for prima facie tort fail, as plaintiff has not alleged facts showing that Baron or MERS acted with "disinterested malevolence" or intent to inflict harm on him (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983] [internal quotation marks omitted]).

The claims for breach of fiduciary relationship were properly dismissed. Plaintiff has not alleged any relationship wherein Baron and MERS were under a duty to act for or give advice for plaintiff's benefit (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561 [2009]). Indeed, plaintiff has not alleged any "direct contact or any relationship—contractual or otherwise"—between himself and Baron or MERS (*id.*).

Plaintiff's claims for negligent underwriting are unavailing, as mortgage lenders owe no duty to property owners to prevent their properties from being the subject of fraudulent real estate transactions (*see Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359 [1st Dept 1995]; *Money Store/Empire State v Lenke*, 151 AD2d 256, 257 [1st Dept 1989]; *see also Mathurin v Lost & Found Recovery, LLC*, 65 AD3d 617 [2d Dept 2009]). Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.