▮ ERNEST LEAK, Respondent, v LIVE WELL FINANCIAL, INC., et al., Defendants, AMALGAMATED BANK et al., Respondents, and GROVER & FENSTERSTOCK, P.C., Appellant. [44 NYS3d 477]—

In an action to recover damages for negligence and fraud, the defendant Grover & Fensterstock, P.C., appeals, as limited by the notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated October 2, 2014, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) and (10) to dismiss the amended complaint and all cross claims insofar as asserted against it.

Ordered that on the Court's own motion, the notice of appeal dated November 6, 2014, is deemed to be a notice of appeal by the defendant Grover & Fensterstock, P.C. (see CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, Grover & Fensterstock, P.C. (hereinafter G&F), to recover damages for negligence and fraud arising from a fraudulent mortgage transaction perpetrated by a nonparty. Live Well Financial, Inc. (hereinafter Live Well), was the mortgage lender for the transaction. G&F served as settlement agent. Prior to discovery, G&F moved, inter alia, pursuant to CPLR 3211 (a) (7) and (10) to dismiss the amended complaint and all cross claims insofar as asserted against it. By order dated October 2, 2014, the Supreme Court denied G&F's motion. G&F appeals.

In determining a motion pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [c]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). When evidentiary material is considered on such a motion, and the motion has not been converted to one for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Mawere v Landau*, 130 AD3d 986, 988 [2015]).

Here, accepting the allegations in the amended complaint as true, it adequately alleges that G&F breached its duty of care as settlement agent when, by failing to confirm the identity of the person appearing at the closing of the fraudulent mortgage transaction, it permitted fraudulent liens to be taken against the plaintiff's property and improperly released the mortgage proceeds to an account controlled by a nonparty without the plaintiff's consent (*see Baquerizo v Monasterio*, 90 AD3d 587, 587 [2011]; *Takayama v Schaefer*, 240 AD2d 21, 25 [1998]). Contrary to G&F's contention, the evidence it submitted in support of its motion failed to refute these allegations such that it can be said that the allegations were not facts at all and that no significant dispute exists regarding them (*see Paino v Kaieyes Realty, LLC*, 115 AD3d 656, 656 [2014]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 852 [2012]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 811 [2011]). Thus, the Supreme Court properly denied that branch of G&F's motion

which was to dismiss the amended complaint and all cross claims insofar as asserted against it pursuant to CPLR 3211 (a) (7).

Furthermore, the Supreme Court providently exercised its discretion in declining to dismiss the action pursuant to CPLR 3211 (a) (10), as, contrary to G&F's contention, Salvatore Lauria was not a necessary party to the action under CPLR 1001 (a) (*see generally Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 459 [2005]). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.