■ ANTHONY SMALLS, Plaintiff, and REGINA COVINGTON et al., Appellants, v ST. JOHN'S EPISCOPAL HOSPITAL, Respondent.
[58 NYS3d 536]—

In an action, inter alia, for a judgment declaring that the defendant violated Public Health Law § 18 and to recover damages for a violation of General Business Law § 349, the plaintiffs Regina Covington, Tekesha Mitchell, individually and as next friend to minor child L.L., and Rosemary Rivera, individually and as next friend to minor child G.H., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), entered February 17, 2016, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging violations of Public Health Law § 18 and General Business Law § 349.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs Anthony Smalls and Regina Covington requested copies of their medical records from the defendant. The plaintiffs Tekesha Mitchell and Rosemary Rivera, on behalf of their respective children, L.L. and G.H., requested copies of their children's medical records from the defendant. All of the requests sought a waiver of the defendant's copying fees on the basis of indigence. When the defendant would not waive the costs for copying the records and represented, in separate letters to Mitchell and Rivera, that it could not waive such fees given its status as a not-for-profit corporation, the plaintiffs commenced this action against the defendant alleging, inter alia, violations of Public Health Law § 18 and General Business Law § 349.

The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. In support of its motion, the defendant submitted an affidavit from one of its employees, who averred that the defendant provided the requested medical records to the plaintiffs at no cost to them, albeit subsequent to the filing of the complaint. The Supreme Court granted the defendant's motion. Covington, Mitchell, and Rivera (hereinafter collectively the appellants) appeal from so much of the order as granted those branches of the defendant's motion which were to dismiss the causes of action alleging violations of Public Health Law § 18 and General Business Law § 349.

"When a defendant submits evidence in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), and the motion has

not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one" (*Orlando v New York Homes by J & J Corp.*, 128 AD3d 784, 784-785 [2015]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging a violation of Public Health Law § 18, although the dismissal should have been pursuant to CPLR 3211 (a) (7) and not CPLR 3211 (a) (1). "The relief available pursuant to [Public Health Law § 18 (3) (f)] shall be limited to a judgement requiring the [health care] provider to make available to the [patient] the requested information for inspection or copying" (Public Health Law § 18 [3] [f]; *see e.g. DeLaurenzo v Nadler*, 8 AD3d 609, 610 [2004]). The defendant's evidence that the appellants had been provided with the requested information at no cost to them conclusively established that certain facts alleged in the complaint were undisputedly no longer facts at all upon which relief pursuant to Public Health Law § 18 could be granted (*see Nasca v Sgro*, 130 AD3d 588, 588 [2015]).

Moreover, contrary to the appellants' contention, this action does not warrant the invocation of the exception to the mootness doctrine, since it is speculative that the issue between the parties will arise again (*see e.g. Matter of Riley II. [Sierra II.]*, 68 AD3d 1312, 1313 [2009]). In addition, the issue involved is neither novel nor will it typically evade appellate review (*see e.g. Matter of Anonymous [South Beach Psychiatric Ctr.]*, 114 AD3d 675, 676 [2014]).

Further, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging a violation of General Business Law § 349 on the basis that the conduct complained of was not consumer oriented (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55 [1999]; *Crown Assoc., Inc. v Zot, LLC*, 83 AD3d 765, 767-768 [2011]).

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging violations of Public Health Law § 18 and General Business Law § 349. Mastro, J.P., Hall, Austin and Barros, JJ., concur.