Board of Mgrs. of Garden N. Condominium v 132-29 Park Tower, LLC (2018 NY Slip Op 01897)





Board of Mgrs. of Garden N. Condominium v 132-29 Park Tower, LLC


2018 NY Slip Op 01897


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-02589
 (Index No. 12316/10)

[*1]Board of Managers of Garden North Condominium, et al., respondents, 
v
132-29 Park Tower, LLC, et al., defendants, Vincenzo Oppedisano, appellant.


Richard A. Solomon, Esq., LLP (Lipsitz Green Scime Cambria LLP, Buffalo, NY [John A. Collins], of counsel), for appellant.
Steven T. Gee, P.C., New York, NY, for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated December 24, 2015. The order, insofar as appealed from, denied that branch of the motion of the defendant Vincenzo Oppedisano which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, which are the Board of Managers of Garden North Condominium and six unit owners, commenced this action to recover damages for injury to property allegedly caused by the defendants during a demolition and construction project on lots adjoining the plaintiffs' property. The plaintiffs alleged, among other things, that the defendants Vincenzo Oppedisano and Sano Construction Corp. were general contractors on the subject project, that the defendants failed to exercise reasonable care in performing their work, and that their negligence caused damage to the plaintiffs' property. Oppedisano moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, contending that he was not a general contractor on the project. The Supreme Court denied that branch of Oppedisano's motion, concluding that a triable issue of fact existed as to whether Oppedisano was the general contractor on the project. Oppedisano appeals.
The Supreme Court properly denied that branch of Oppedisano's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Contrary to Oppedisano's contention, whether he is personally liable in this case does not depend on whether he was a general contractor on the subject project. Even if he was not a general contractor on the project, Oppedisano may be liable for his own negligent acts while engaging in demolition work on the project on behalf of Sano Construction Corp., of which he is the president and only shareholder (see Orlando v New York Homes By J & J Corp., 128 AD3d 784, 785). Because Oppedisano submitted no evidence demonstrating that he was not negligent in performing the demolition work, or that any such negligence did not cause the plaintiffs' property damage, he did not establish his prima facie entitlement to judgment as a matter of law (see Stukas v Streiter, 83 AD3d 18, 23; cf. [*2]Slonecki v Damm, 122 AD3d 609, 610; Holy Name of Jesus R.C. Church v New York City Tr. Auth., 28 AD3d 520, 520-521).
Accordingly, the Supreme Court properly denied that branch of Oppedisano's motion which was for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court