Leak v RBI Assoc., Ltd. (2024 NY Slip Op 04067)

Leak v RBI Assoc., Ltd.

2024 NY Slip Op 04067

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-02650
2020-09156
 (Index No. 7861/11)

[*1]Ernest Leak, plaintiff, 
v
RBI Associates, Ltd., etc., et al., defendants, Grover & Fensterstock, P.C., et al., respondents, Champion Mortgage, appellant.

Butler, Fitzgerald, Fiveson & McCarthy, P.C., New York, NY (David K. Fiveson of counsel), for appellant.
Michael H. Zhu, Esq. P.C., New York, NY, for respondent Grover & Fensterstock, P.C.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci, Benjamin D. Velella, and Aaron Weissberg of counsel), for respondent Amalgamated Bank.
In an action to recover damages for negligence and fraud, the defendant Champion Mortgage appeals from (1) an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated January 14, 2020, and (2) a judgment of the same court dated August 28, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Grover & Fensterstock, P.C., and Amalgamated Bank which were for summary judgment dismissing the cross-claim of the defendant Champion Mortgage for indemnification insofar as asserted against each of them. The judgment, insofar as appealed from, dismissed the cross-claim of the defendant Champion Mortgage for indemnification insofar as asserted against the defendants Grover & Fensterstock, P.C., and Amalgamated Bank.

DECISION & ORDER
Separate motions by the defendants Grover & Fensterstock, P.C., and Amalgamated Bank, inter alia, to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment in the action. By decision and order on motion dated December 16, 2020, those branches of the motions which were to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment in the action were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that those branches of the motions which are to dismiss the appeal from the order are granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Grover & Fensterstock, P.C., and Amalgamated Bank.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2011, the plaintiff commenced this action against, among others, the defendants Grover & Fensterstock, P.C. (hereinafter G & F), and Amalgamated Bank (hereinafter Amalgamated) to recover damages for negligence and fraud arising from a reverse mortgage fraudulently obtained by nonparty Salvatore Lauria in the plaintiff's name, to vacate and cancel and discharge of record the subject mortgage, and for related relief. Live Well Financial, Inc. (hereinafter Live Well), was the mortgage lender for the transaction. G & F served as the settlement agent. Lauria deposited the proceeds of the transaction into an account maintained at Amalgamated. In 2012, Mortgage Electronic Registration Systems, Inc., as nominee for Live Well, assigned the mortgage to Champion Mortgage (hereinafter Champion), and thereafter the complaint was amended to add Champion as a defendant.
Champion interposed an answer, asserting various affirmative defenses, cross-claims for indemnification and contribution against all codefendants, and a counterclaim/cross-claim to recover damages, fees, and costs. Champion also commenced a separate action against the plaintiff seeking, inter alia, a judgment declaring that it had a valid reverse mortgage on the plaintiff's property. In April 2019, the separate action was settled with, inter alia, the plaintiff paying $300,000 to Champion and Champion canceling its notice of pendency filed against the property.
G & F interposed an answer with affirmative defenses, counterclaims, and cross-claims. Amalgamated interposed an answer with various affirmative defenses and two cross-claims against Champion.
Prior to discovery, G & F moved, inter alia, pursuant to CPLR 3211(a)(7) and (10) to dismiss the amended complaint and all cross-claims asserted against it. By order dated October 2, 2014, the Supreme Court denied G & F's motion. G & F appealed, and this Court affirmed the order insofar as appealed from (see Leak v Live Well Fin., Inc., 145 AD3d 992). Subsequent to discovery, G & F and Amalgamated separately moved for summary judgment dismissing the amended complaint and Champion's cross-claims insofar as asserted against each of them. By order dated January 14, 2020, the Supreme Court granted the separate motions of G & F and Amalgamated. Thereafter, by judgment dated August 28, 2020, the court dismissed the amended complaint and all cross-claims insofar as asserted against G & F and Amalgamated. Champion appeals from so much of the judgment as dismissed its cross-claim for indemnification insofar as asserted against G & F and Amalgamated.
To sustain a cause of action for common-law indemnification, the party seeking indemnity must prove that the proposed indemnitor's negligence contributed to the damages sustained by the injured party (see Mikelatos v Theofilaktidis, 105 AD3d 822, 824). "A party can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action for common-law indemnification . . . by establishing that it was not negligent" (Council on Foreign Relations, Inc. v ABC Interiors Unlimited, Inc., 189 AD3d 1168, 1168).
Here, in opposition to G & F's and Amalgamated's prima facie showings that they were free from negligence, Champion failed to raise a triable issue of fact. The cross-claim was properly dismissed as New York does not recognize a cause of action to recover damages for "negligent enablement of imposter fraud" (Ladino v Bank of Am., 52 AD3d 571, 574 [internal [*2]quotation marks omitted]; see Burger v Singh, 28 AD3d 695, 697-698). Moreover, Champion failed to present evidence that G & F or Amalgamated had a special relationship with the plaintiff that would give rise to a duty to exercise vigilance in verifying the identity of the person who obtained a loan in the plaintiff's name (see Ladino v Bank of Am., 52 AD3d at 574). Furthermore, it is axiomatic that in an indemnity claim, a third party seeking to obtain indemnity for damages, must show that it is actually required to pay the plaintiff (see Smith v Hooker Chem. & Plastics Corp., 83 AD2d 199, 202). Here, however, Champion has no liability to the plaintiff for damages that ought to have been paid by G & F or Amalgamated.
Accordingly, the Supreme Court properly granted those branches of the separate motions of G & F and Amalgamated which were for summary judgment dismissing Champion's cross-claim for indemnification insofar as asserted against each of them.
We decline G & F's request to impose sanctions in connection with this appeal (see 22 NYCRR 130-1.1).
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court